### HARBERT v. ATLANTA & CHARLOTTE AIR LINE RY.

1. RAILROADS—PRINCIPAL AND AGENT.—A CORPORATION owning a railroad by virtue of a charter cannot avoid its obligation to the public as a chartered railroad by turning over the operation of its road to another, and it will be considered as operating the road through the other as its agent.

2. APPEAL—STRIKING OUT PLEADINGS.—An order refusing to strike out allegations in a pleading as irrelevant or redundant is not appealable.

Before DANTZLER, J., Oconee, Fall Term, 1903. Affirmed.

Action by James Johns Harbert, administrator, against Atlanta and Charlotte Air Line Railway Co. From order refusing to strike out allegations of answer, plaintiff appeals.

Messrs. Stribling & Herndon, for appellant. Mr. Herndon cites: Code 1902, 2024, 2139; 3 S. C., 580; 29 S. C., 381; 25 S. C., 216; 28 S. C., 401; 33 S. C., 427; 41 S. C., 415; 62 S. C., 250; 61 S. C., 212; 30 L. R. A., 823; 43 S. C., 197; 63 S. C., 370; 17 Wall., 445; 65 S. C., 218; 95 U. S., 161.

Mr. T. P. Cothran, contra, cites: The order is not appealable: Code of Proc., sec. 11, sub. 2; 47 N. Y. Sup., 1099; 24 S. E., 713. On main issue: 35 S. C., 439; 59 S. C., 554; 41 S. C., 86; 47 S. C., 105, 376; 39 S. C., 517; 58 S. C., 222; 59 S. C., 254; 33 S. C., 136; 61 S. C., 495; 34 S. C., 451, 292; 147 U. S., 101; 37 S. C., 380; 65 S. C., 338; 23 Ency., 2 ed., 785; 59 Am. R., 784; 17 Wall., 440; 101 U. S., 83; 17 How., 39; 5 Wall., 90; 80 N. Y., 29; 25 S. C., 216; 28 S. C., 401.

April 4, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This is an action to recover damages for the alleged killing of James A. Harbert at a highway crossing over defendant's line of railway, near Fort Madison, in Oconee County. The complaint alleged that the defendant, under a charter from the State, was on February 24, 1901, the owner of the line of railway on which the killing occurred, and that the railroad was at that time operated as a common carrier and had been so operated for many years. It further alleged that on February 24, 1901, "the defendant, its servants and agents, having in their care, control and management a certain locomotive engine and train of cars thereto attached, carelessly, negligently, recklessly and wilfully" ran the train of cars over and killed Harbert. The specific act of negligent and wilful wrong

charged, against the defendant was the failure to give the statutory signals at the crossing.

The defendant admitted the allegations of the complaint as to its ownership of the railroad under its charter and as to the operation of the railroad as a common carrier.

In the third paragraph of the answer the defendant, after admitting the charter, continues: "But denies that it was at the time mentioned in said complaint a common carrier of goods and passengers, or that it was operating or controlling any railroad cars, locomotives or trains in the State of South Carolina."

The fourth paragraph was as follows: "The defendant alleges that if the plaintiff's intestate were killed that his death was caused by a train of the Southern Railway Company."

The appeal is from an order of the Circuit Judge refusing the motion of the plaintiff to strike out the fourth paragraph entirely and the portion of the third paragraph above quoted as irrelevant and redundant.

The question involved in this appeal was decided in the case of *Smalley* v. *Ry. Co.*, 73 S. C., 572. The defendant could not avoid its obligations to the public as a chartered railroad company by turning over the operation of its road to the Southern Railway Company. As between defendant and the public it is considered as still operating its railroad through its agent. The allegations of the answer above quoted, therefore, constituted no defense, and should have been stricken out as irrelevant. The respondent submits, however, that an order refusing to strike out allegations of a pleading does not involve the merits, and is therefore not appealable.

Section 11, subdivision 2, of the Code of Procedure provides for appeal from "an order affecting a substantial right made in an action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action, and when such order grants or refuses a new trial; or when

such order strikes out an answer or any part thereof, or any pleading in any action * * *." The omission to provide for appeal from an order refusing to strike out is significant, and there was good reason for it. If the Circuit Court errs in striking out any material allegations of a good cause of action or good defense, it is impossible to remedy it in the course of the trial, because the evidence and the issues submitted to the jury cannot be extended beyond the issues made by the pleading, and on appeal from the final judgment this Court could not say there was error of law in confining the evidence and charge to the pleadings. On the other hand, if the Circuit Court errs in refusing to strike out any pleading or portion of a pleading as irrelevant, the error of submitting an irrelevant issue to the jury may be corrected on appeal from the charge actually made or from refusal of requests to charge. This view of the matter impairs no substantial right and prevents multiplicity of useless appeals and the delay and inconvenience which would be incident thereto.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed on the ground that the order refusing the motion to strike out allegations of the answer as irrelevant and redundant is not appealable.