6607

## CITIZENS & MARINE BANK v. WITCOVER.

APPEAL—SHAM AND IRRELEVANT ANSWER.—An order refusing to strike out an answer as sham and irrelevant, is not appealable.

Before WATTS, J., Marion, December, 1906. Affirmed.

Action by Citizens and Marine Bank against Witcover. From order refusing to strike out answer as sham and irrelevant, plaintiff appeals.

*Messrs. Montgomery* and *Lide,* for appellant, cite: *Power of Court to strike out sham answer:* Code of Proc., 173; 6 S. C., 113; 3 Estes Pl. (Pom.), 214; 2 S. C., 34.

*Mr. Jas. W. Johnson,* contra, cites: *An answer denying a material allegation of the complaint is not sham and irrelevant:* 9 S. C., 432; 27 S. C., 164; 43 S. C., 17.

July 29, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from an order refusing to strike out defendant's answer as sham and irrelevant.

The complaint alleges the making by the defendant of two notes for one hundred and eighty dollars and five hundred dollars dated April 21st, 1906, payable to the order of J. G. Latimer—sixty days after date; the indorsement of the note by the plaintiff before maturity; the present ownership by the plaintiff; demand for payment and failure to pay.

Defendant answered as follows: First. "He denies each any every allegation of the complaint not hereinafter admitted.

Second. "He admits that he executed the notes described in the complaint, but denies that they were given for any valuable or other consideration, but, on the contrary, he alleges

that they were given solely for the accommodation of one J. G. Latimer, and were without consideration, which fact plaintiff well knew at the time it took said notes; that defendant is informed and believes that when said notes became due the said J. G. Latimer substituted his own note with O. M. Latimer as indorser, for said notes in said bank, and said bank accepted same in lieu of this defendant's notes, thus releasing him from all liability to said bank on account of said notes.

Third. "He admits the allegations contained in paragraphs one and four of plaintiff's first cause of action, and the allegations contained in one and four of plaintiff's second cause of action."

The motion to strike out was made on the pleadings; the affidavits of W. E. Vest, cashier of the plaintiff bank, denying the substitution of Latimer's notes for the notes in suit and asserting the bank's ownership of the notes; the affidavit of W. J. Montgomery, Esq., setting forth separate admissions of liability by the defendant after the notes had come into his hands; and a number of letters of the defendant to the bank, written after the maturity of the notes, asking for indulgence and making no allusion to any defense set up in the answer.

The Circuit Judge thus states his conclusions of law and fact: "No contrary showing was made by the defendant, his counsel taking the position that by his answer he had denied a material allegation of the complaint, viz: that the plaintiff is the legal owner and holder of the notes sued on, and therefore, the answer could not be disposed of on motion. In my opinion this position is unsound, because the defenses set up are in themselves admissions of title in the plaintiff.

"At the hearing before me, defendant's attorney abandoned the defense that the notes were accommodation paper.

"I am satisfied from the showing made by the plaintiff, that the answer made by the defendant is sham and irrelevant and intended merely for delay, but as the answer raises one

issuable fact, viz: whether or not the plaintiff took the notes indorsed by O. M. Latimer in substitution for the note of the defendant, I do not think I have the power to strike out the answer as sham and irrelevant on affidavits."

Section 173 of Code of Procedure provides: "Sham and irrelevant answers and defenses may be stricken out on motion, and upon such terms as the Court may, in its discretion, impose." The exceptions raise the question whether the remedy provided is available when the sham of the answer is not to be seen on the face of the record but can be made to appear beyond doubt by affidavits or other evidence. Inasmuch as the motion to strike out was denied the order is not appealable, and we are precluded from consideration of the important and interesting question. *Harbert* v. *Ry. Co.,* 74 S. C., 13.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.