7013

## McCANDLESS v. MOBLEY.

1. APPEAL—STRIKING OUT PART OF ANSWER.—There is no reversible error in refusing to strike out parts of an answer which are irrelevant.

2. EVIDENCE—TRANSACTIONS WITH DECEDENT.—In suit by executor of payee of two notes against payer, defense being that first note was merged into second with an additional loan, it is incompetent for payer to testify that upon execution of second note payee handed him so much cash.

Before DANTZLER, J., Chester, Spring Term, 1907. Reversed.

Action by John McCandless, executor of Hamilton McCandless, against D. M. Mobley and J. R. Hicklin. From judgment for plaintiff, he appeals.

*Messrs. Henry & McLure,* for appellant, cite: *The order refusing to strike out parts of the answer is now appealable:* 74 S. C., 13; Code of Proc., 11, sub. 1; 11 S. C., 122; 65 S. C., 226; Code of Proc., 170, sub. 2, 181; 60 S. C., 525. *The matters struck out are irrelevant or redundant:* Pom. Code Rem., sec. 527; 73 S. C., 29; 18 S. C., 473; Bliss on Code Plead., secs. 214, 423; Code of Proc., 163; 79 S. C., 312; 64 S. C., 513. *Payment is an affirmative defense:* 15 S. C., 80; *and burden is on him who asserts:* 11 S. C., 547. *Evidence as to deceased paying money to defendant is incompetent:* 51 S. C., 502; 41 S. C., 130; 59 S. C., 524; 33 S. C., 303.

*Mr. J. H. Marion,* contra, cites: *Presumption of non-payment from possession of notes may be rebutted:* 22 Ency., 588-9, 1234; Lawson on Pres. Ev., 639; *and may be shown by facts and circumstances:* 15 S. C., 81; 1 Rich. Eq., 55; 3 McC., 341; 15 Rich. L., 37; 4 S. C., 122; 7 S. & R., 116; 69 Pa. St., 156; 22 Ohio St., 517; 58 Ill., 360; 5 Jones, 192; 41 Conn., 55; 11 La. Ann., 760; 2 A. K. Marsh, 12; 70 N. C., 173; 36 Ala., 525; 32 At. R., 649; 1 Pick., 337; 105 Mass., 255; 61 N. W., 177; 5 S. E., 535; 22 Ency., 606. *Evidence as to the form in which the money was received is competent:* 35 S. C., 206; 33 S. C., 310; 59 S. C., 524; 16 P. & P., 184, 193. *Portions of answer moved to have struck out were not irrelevant or redundant in a legal sense:* 50 S. C., 54; 60 S. C., 370; Pom. Code Rem., sec. 551; 73 S. C., 29; 78 S. C., 111; 72 S. C., 526; 48 S. C., 182. *No disadvantage shown because these parts of answer were left in:* 73 S. C., 571; 72 S. C., 125; 60 S. C., 70.

September 11, 1908. The opinion of the Court was delivered by

Mr. Justice Woods. This action was brought on two promissory notes given by the defendants to Hamilton

McCandless, plaintiff's testator, one dated 22d January, 1900, due 1st December, 1900, for $250 and interest from date at the rate of seven per cent., payable annually until paid in full; and the other, dated 18th February, 1901, due two years after date, for $176, with like provision for interest. On the first note the complaint alleged the only payment was $100, on 26th October, 1900. There was no dispute as to the payments on the second note.

The defendants alleged in their answers that Hamilton McCandless, the payee of the notes, had remitted the interest on the first note, and that the second note was a renewal of the first, together with an additional loan of $25, and $1 paid to Mr. McLure for writing the note; the amount being made up in this way:

| | | |
|---|---:|---:|
| First note | $250 | 00 |
| Credit | 100 | 00 |
| | $150 | 00 |
| Additional loan | 25 | 00 |
| Paid attorney for drawing note | 1 | 00 |
| | $176 | 00 |

A motion was made to strike out certain portions of the answer as frivolous, irrelevant and redundant. We think the words "solemnly swears" might well have been stricken out as redundant, for pleadings should present the issues in a plain way, and every verified complaint is presumed to be solemnly sworn to. The other allegations referred to in the motion also might have been stricken out with propriety, as encumbering the answer with evidentiary matter. But there was no reversible error in refusing the motion, for an order refusing such a motion is not appealable. *Harbert* v. *A. C. L. R. R. Co.*, 74 S. C., 13, 53 S. E., 1001.

The plaintiff asked the Court to direct a verdict for the full amount claimed as due on the two notes, on the ground

that there was no evidence to establish the defense that the whole debt was represented by the second note. This motion was refused.

The jury found a verdict for $136.69, the amount claimed as due on the second note only, thus sustaining the contention of defendants. A motion for a new trial was refused.

The next exception relates to the admission of testimony. D. M. Mobley was allowed to testify as follows, concerning his transaction with Hamilton McCandless, the deceased payee of the notes, when the second note was given:

"Q. I say, Mr. Mobley, you admit getting some money on that occasion; how was that paid you; in what form? Objection. Court: I do not know about that. Q. The form in which you received it? A. I received it in Mr. McLure's office. Q. In what form did you receive it? A. Paid out of hands; no check—no check at all. Q. What kind of money was it? A. Well, it was greenbacks; that is what I called it, but I think it was two $10 bills. Q. Don't say—I don't ask you about the denominations."

The vital issue made by the pleadings, on which the case hinged, was whether Mobley received full new consideration of $176 when he gave the second note, or gave it in payment of the first note and $25 cash. The question asked related by its terms to the $25 alleged by Mobley to have been received as the only fresh consideration when the second note was given. His answer to the question, therefore, was testimony to the effect that he received on this occasion from Hamilton McCandless $25 in currency and no more. This testimony, as to a transaction between the defendant and the deceased testator, was clearly incompetent in this action brought by his executor; and it was of the utmost importance to the plaintiff to exclude it, because it tended to completely destroy one of the notes involved in the suit. For this material error there must be a new trial.

With this incompetent statement of Mobley admitted, there was certainly some testimony before the Court tending

to sustain the defense. As the evidence on the second trial may be different, a discussion of the question whether there was any other evidence to sustain the verdict could be of no value. So, also, the bank account of the payee of the note may have great significance or no significance at all, in the light of the testimony adduced at the next trial. Hence a discussion of its relevancy would be useless and, possibly, misleading to the Court on the second trial.

The judgment of this Court is that the judgment of the Circuit Court be reversed and the cause remanded to that Court for a new trial.