7713

## WOODWARD v. WOODWARD.

1. PLEADINGS—DOWER.—In an action for dower claimant need not allege the date of her marriage, an allegation of seizin during coverture being sufficient. An allegation that she is entitled to dower in the following tracts of land described in a following paragraph followed by a general allegation that the defendants withhold the same from her, without indicating which defendant is in possession of the tracts, is sufficient.

2. IBID.—APPEAL.—An order refusing to strike out allegations in a complaint as irrelevant and redundant is not appealable.

Before SEASE, J., Lee, October Term, 1909. Affirmed.

Action by Emma W. Woodward against Hosea W. and Henry Woodward. From order refusing to require plaintiff to make her complaint more definite and certain, defendants appeal.

*Messrs. McLeod & Dennis* and *M. L. Smith,* for appellant, cite: 73 S. C. 29; Bliss on Plead. 316.

*Messrs. McLaughlin & Tatum* and *T. B. Fraser,* contra,
cite: *Order is not appealable:* 50 S. C. 65.    *On main issue:*
67 S. C. 495; Maxwell's Code Plead. 13.

November 11, 1910.. The opinion of the Court was
delivered by

MR. JUSTICE HYDRICK.   This is an action for dower.
The complaint alleges: "That on the       day of October
or December, 1888," the plaintiff and John Frierson Wood-
ward were married, and that, during her coverture with
him, he "was seized and possessed in fee of the ·following
tracts of land."   Thereafter thirteen tracts are particularly
described in the complaint, but not in numerical or suc-
cessive order.   After the description of eleven tracts, each
under a separate subdivision, the fifth paragraph of the
complaint follows, in which it is stated which of the defend-
ants has possession of each of the tracts previously
described.   Then follow paragraphs 6 and 7 which
describe two more tracts.   The eighth and last paragraph
is as follows: "That the plaintiff is entitled to her dower
in all of the tracts of land above described and the same is
withheld from her by these defendants."

The defendants moved for an order to strike out certain
allegations of the complaint, as irrelevant and redundant,
and failing in that, to require plaintiff to make her com-
plaint more definite and certain by alleging: 1. The exact
date of her marriage.   2. By what right she claims dower
in the tracts described in paragraphs 6 and 7 of the com-
plaint.   3. Which of the defendants is in possession of said
tracts.

The plaintiff need not have alleged, even generally, the
date of her marriage.   The allegation that her deceased
husband was seized of the land during her coverture with
him was sufficient.   Her right to dower in the tracts
described in paragraphs 6 and 7 by virtue of the
seizin thereof by her husband during coverture is

alleged with sufficient certainty. For that reason, she alleges that she is entitled to dower "in the following tracts," and those described in paragraphs 6 and 7 are amongst those which follow. When the facts are exclusively or peculiarly within the knowledge of one of the parties, greater precision and detail of allegation may be required of him. On the other hand, a more general allegation will be sufficient, if the facts are peculiarly within the knowledge of the opposite party, or if he knows them as well or better than the party making the allegation. *Hughes* v. *Mfg. Co.,* 81 S. C. 354, 62 S. E. 404. We feel sure the defendants know, perhaps better than the plaintiff, which of them is in possession of the tracts described in paragraphs 6 and 7. "When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the Court may require the pleading to be made definite and certain by amendment." Code, sec. 181. We are satisfied that the allegations of the complaint in this case were sufficiently definite and certain to make the nature of the charge perfectly apparent to the defendants.

An order refusing to strike out allegations in the pleading as irrelevant and redundant is not appealable. *Harbert* v. *Ry.,* 74 S. C. 13, 53 S. E. 1001; *Strait* v. *Mortgage Co.,* 77 S. C. 367, 57 S. E. 1100; *Bank* v. *Witcover,* 77 S. C. 441, 58 S. E. 146; *Cooper* v. *R. R. Co.,* 78 S. C. 562, 59 S. E. 704; *McCandless* v. *Mobley,* 81 S. C. 303, 62 S. E. 260.

Appeal dismissed.