8336

. VISANSKA v. SOUTHERN EXPRESS CO.

CARRIER—EXPRESS—FREIGHT.—A consignor delivering jewelry to an express company for carriage and valuing it at more than fifty dollars but at less than its real value, does not thereby violate that provision of the interstate commerce law making "false billing" a crime, and in case of loss of a part of such shipment he may recover the actual value of the lost part up to the value placed by him on the whole.

*Ellison* v. *Adams Express Co.*, 245 Ill., 410, *criticised.*

Before ALDRICH, J., Richland, May, 1911. Modified.

Action by B. Visanska against Southern Express Co. Both Parties appeal.

*Messrs. Weston & Aycock,* for plaintiff, cite. *An agreed valuation is not unlawful:* 112 U. S. 337; 33 L. R. A. 600. *Judgment should have been allowed for value of lost articles:* 84 S. C. 87.

*Messrs. Barron, Moore, Barron & McKay,* for defendant, cite: *Under-valuation is a violation of the interstate commerce act:* 3 Fed. Stat. Ann. 835; 92 N. E. 277. *Contract opposed to public policy is void:* 69 S. C. 434; 73 S. C. 1; 71 S. C. 150; 40 Am. R. 720; 11 Fed. Cas. 189; 91 Ind. 477; 83 Mass. 435; 48 Am. St. R. 317; 9 Am. R. 30; 17 S. E. 761; 145 U. S. 421; 59 Am. St. R. 636; 90 Am. St. R. 170; 132 Fed. 399; 92 S. W. 866; 102 N. W. 200. *This is not an agreed valuation:* 82 S. C. 378; 112 U. S. 331.

October 8, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, a jewelry merchant, delivered to the defendant express company at Columbia on 31 March, 1909, a package containing diamonds and other jewelry of the value of $677.01 for shipment to M. Visanska in the city of New York. When the package was received by the consignee, two rings of the aggregate value of $131.50 were missing. The defense to this action to recover the value of the lost rings rests on the allegations that the plaintiff falsely billed the goods shipped, in violation of the Federal statute which forbids and declares to be a crime "false billing" by a consignor. The plaintiff endorsed on the package "value $400," and obtained transportation for ninety-five cents, under a contract of shipment which contained this stipulation: "In consideration of the rate of charges for carrying said property, which is *regulated by the valuation and classification thereof,* and is based upon a valuation not exceeding fifty and 00-100 ($50.00) dollars, unless a greater value is declared, and the shipper agrees that the value of said property is not more than fifty and 00-100 ($50.00) dollars, unless a greater value is stated therein, and that the company shall not be liable in any event for more than the value so stated." On the 31st day of March, 1909, the regular schedule of express rates from Columbia to New York for carriage of goods, duly filed with the interstate commerce commission as required by law, showed that the rates of defendant were regulated by the valuation and classification thereof, and based upon a valuation not exceeding fifty dollars in case of each shipment, unless a greater valuation was declared, and that when value in excess of fifty dollars was so declared an additional charge was made, which for jewelry was fifteen cents for every hundred dollars, or fraction thereof.

Paragraph 3 of section 10 of the interstate commerce commission law provides: "Any person and any officer or

agent of any corporation or company who shall deliver property for transportation to any common carrier subject to the provisions of this act, or for whom, as consignor or consignee, any such carrier shall transport property, who shall knowingly and wilfully, by false billing, false classification, false weighing, false representation of the contents of the package, or false report of weight, or by any devise or means, whether with or without the consent or connivance of the carrier, its agent or agents, obtain transportation for such property at less than the regular rates then established and in force on the line of transportation, shall be deemed guilty of fraud, which is hereby declared to be a misdemeanor, and shall, upon conviction thereof, in any Court of the United States of competent jurisdiction, within the district in which such offense was committed, be subject for each offense to a fine of not exceeding $5,000, or imprisonment in the penitentiary for a term of not exceeding two years, or both, in the discretion of the Court."

A jury trial having been waived, the Circuit Judge made a decree in favor of the plaintiff for $77.69, the proportion of the loss that the value indorsed by the plaintiff on the package, $400, bore to the real value, $677.01.   Both parties appeal.

We do not think the shipper was guilty of any violation of the Federal statute.   The statute is directed against and covers every device or means which a shipper may adopt to obtain an advantage over other shippers or the carrier.   It does not expressly prohibit undervaluation, and undervaluation under such a contract of shipment as the plaintiff made gives the shipper no advantage over the carrier or over other shippers who make the same contract and take the same risk.   The contract of carriage shows that the carrier based his charge entirely on valuation—that is, on the measure of his responsibility in case of loss.   The recovery in case of loss being limited to the value as stated by the shipper, that, and not the actual value, was the measure of responsi-

bility.  Since the charges of the carrier and its responsibility are regulated by the value as stated by the shipper and not the actual value, the failure to state the actual value is not false billing or a device to obtain transportation "at less than the regular rates then established."

The defendant relies on the case of *Ellison* v. *Adams Express Co.,* 245 Ill. 410, 92 N. E. 277, as holding that such a shipment as this was in violation of the Federal statute.  In that case the shipper made the same contract of carriage as was made by the plaintiff in this case, but he intentionally failed to state any value and paid for the shipment on the basis of a valuation of fifty dollars for each package, thus accepting the stipulation of the contract that he had agreed that the value was not more' than fifty dollars, and that the company should not be liable for a greater sum.  The property was lost and the shipper sued for the entire value of the property.  The express company admitted liability for fifty dollars, the agreed value of each package according to the contract, and tendered and paid into Court one hundred dollars in discharge of its liability.  The Court held that the plaintiff could not recover the full value after contracting for the valuation of fifty dollars and paying the charges on that basis, and that his recovery must be limited to the value contracted for and by which the charges had been measured.  It is true that in the course of its reasoning, the Court does seem to hold that the failure to give the true value was an unlawful device for obtaining transportation of the goods at less than the regular charge, but that conclusion, we think, was not necessary to the decision of the case and was not sound.  It would be sound and applicable under a law forbidding that the value stated by the shipper instead of the real value should be the measure of the liability of the carrier.  As there was no violation of the Federal statute there is no obstacle to plaintiff's recovery.

Since the decision in *Huguelet* v. *Warfield,* 84 S. C., 87, it cannot be doubted that under a contract of shipment fixing the value and limiting the liability of the carrier to that value, in case of loss of a part of the shipment the shipper may recover the real value of the property lost not exceeding, however, the limit of the liability stipulated in the contract of shipment.

It follows that the plaintiff was entitled to recover one hundred thirty-one dollars and fifty cents, the value of the articles lost, and the judgment of this Court is that the judgment of the Circuit Court be modified accordingly.