8719

### IRBY v. SOUTHERN EXPRESS CO.

1. APPEAL.—An order refusing to strike out allegations as irrelevant is not appealable.

2. CHARGE—CONTRACTS—CARRIERS.—Where the trial Judge holds that a receipt for an express package was the contract, if it were legible and intelligible and says to the jury he cannot find the provisions contended for in the contract without the aid of the attorneys, he charges on the facts.

3. CARRIER—NEGLIGENCE.—Where the carrier would limit its common law liability to the value placed on the article carried the burden is on it to show the shipper's assent.

Before ERNEST GARY, J., Sumter, March, 1913. Reversed.

Action by B. C. Irby against Southern Express Company. Defendant appeals.

*Messrs. Mark Reynolds* and *L. W. McLemore,* for appellant, cite: *Special damages are not recoverable unless the special circumstances were known to the party who broke the contract:* 25 S. C. 71; 40 S. C. 524; 76 S. C. 338; 79 S. C. 157; 81 S. C. 536; 83 S. C. 503; 74 S. C. 295; 71 S. C. 82; 85 S. C. 22; 71 S. C. 211; 23 L. J. R. 179. *The carrier is entitled to know the value of the goods:* 112 U. S. 331; 72 S. C. 375; 98 Ga. 268; 39 S. C. 55; 73 S. C. 289; 82 S. C. 249. *Assent of shipper to limited value is assumed:* 6 Cyc. 404; 62 S. C. 1; 19 S. C. 353; 62 S. C. 414; 93 Am. Dec. 220; 112 U. S. 331; 56 N. Y. 168; 1 Woods 573; 69 Ill. 62; 82 S. C. 149; 39 S. C. 55; 75 S. C. 321; 79 S. C. 344; 74 Mo. 538; 137 Mass. 33; 88 Am. St. R. 81.

*Mr. L. D. Jennings,* contra, cites: *Motion refusing to strike out irrelevant allegation is not appealable:* 81 S. C. 303; 74 S. C. 13. *Burden is on carrier to show shipper's assent:* 73 S. C. 289; 82 S. C. 478, 369.

January 13, 1914.    The opinion of the Court was delivered by

Mr. Justice Fraser.    This is an action by the plaintiff for damages for the loss of a plat of a large tract of land, delivered to the express company at Boykin, S. C., to be forwarded to persons at Bennettsville, S. C.    The package was lost.    The agent of the defendant asked the value of the package and the plaintiff said it was a plat, but she did not know the value.    The agent then issued a receipt for the package, which limited the demand for its loss to fifty dollars, no value being stated.    The damages claimed were placed at five hundred dollars and the jury found a verdict for the plaintiff for three hundred and fifty dollars.    From the judgment entered on this verdict the defendant appealed. There are sixteen exceptions, but the appellant has not considered them separately and states in its argument that a separate consideration is unnecessary.

1. A motion was made before Judge Shipp to strike out certain portions of the complaint on the ground that the allegations were irrelevant and redundant.    The motion was refused.    An order refusing to strike out is not appealable.    *McCandless* v. *Mobley,* 81 S. C. 305, 62 S. E. 260.    "An order refusing such a motion is not appealable.    *Harbert* v. *A. C. L. R. R. Co.,* 74 S. C. 13, 53 S. E. 1001."

2. Did the trial Judge charge on the facts?    He did. The appellant has no right to complain of the law charged. His Honor charged the jury that if the receipt in evidence were legible and intelligible, then the receipt was the contract and he would direct a verdict for fifty dollars, as requested by the defendants.    Every request to charge asked for by appellant was made, but always with the modification that there must be a contract that was legible.    His Honor stated in the presence of the jury and afterwards endorsed it in the formal charge, that he could

not read the contract and could not find the provision without the aid of the attorneys in the case. This was a charge on the facts. His Honor realized that he had gone too far and frankly said so.

The exceptions that complain of a charge on the facts are sustained.

The trial Judge could not direct a verdict. There were facts upon which this Court ought not to comment, that made it necessary to submit the case to the jury.

3. The respondent seeks to sustain the judgment, notwithstanding the charge on the following ground:

"That the valuation clause upon the back of said express receipt, which attempted to limit the value of said shipment in case of loss, is in fact, an attempt to contract against negligence and is, therefore, null and void. This being true, his Honor would not have committed error if he had charged the jury to disregard said clause entirely."

The right of the carrier to limit liability by the rate paid is recognized in *Visanska* v. *Southern Express Company,* 92 S. C. 573, 75 S. E. 962. Still there was a question as to the assent of the shipper to the terms. *Faulk* v. *Railroad Co.,* 82 S. C. 374, 64 S. E. 283. "When the carrier would limit its common law liability to respond for the true value of the article lost or destroyed by it, the burden is on it to show the shipper's assent."

The judgment is reversed and the case remanded for a new trial.

MR. JUSTICE WATTS *disqualified.*