### FRIENDSHIP BAPTIST CHURCH v. HILL

(112 S. E. 826)

1. APPEAL AND ERROR—ORDER REFUSING TO STRIKE OUT ALLEGATIONS OF PLEADINGS IS NOT APPEALABLE.—An order refusing to strike out allegations in the pleadings as irrelevant and redundant is not appealable.

2. RELIGIOUS SOCIETIES—WHERE WHETHER MINISTER WAS LAWFULLY DEPOSED WAS QUESTION TO BE DETERMINED, OVERRULING DEMURRER TO COMPLAINT NOT ERROR.—Allegations of complaint that defendant was elected pastor of plaintiff Church in November, 1917, for a term of one year, and was deposed in June, 1921, and that, in spite of such deposition, he continued to exercise the duties of pastor of the Church, to the great injury of the Church, if true, would entitle plaintiff to relief, and whether defendant was regularly deposed and whether plaintiff had authority to bring suit were matters of defense to be determined on the trial in the case; hence the overruling of a demurrer was not error.

Before RICE, J., Aiken, August, 1921.   Affirmed.

Action by the Friendship Baptist Church against Rev. A. W. Hill.   From an order refusing to strike out allegations of complaint, and overruling demurrer, defendant appeals.   Affirmed.

*Messrs. Sawyer & Giles,* for appellant, cite: *Injunction improper without proper affidavit or verification by officer of Church*: Code Proc. 1912, Sec. 207. *Must be authority to sue in name of Church*: 2 So., 254; 154 N. W., 969; 13 L. R. A., 198; 14 C. J., 858. *Right of Baptist Church to make by-laws, etc.*: 67 S. C., 332; 10 Cyc., 354; 95 S. W., 1005; 9 R. I., 308; 119 Wis., 392. *Where word "may" is mandatory*:  55 Vt., 323; 10 S. C., 343; 5 Words & Ph., 4420.

.10 S. C.—120.

*Mr. William W. Smoak,* for respondent, cites: *Judge may order reference without consent at chambers*: 85 S. C., 300; 64 S. C., 292; 101 S. C., 359. *Courts will not interfere with action of Church authorities within their powers as such*: 67 S. C., 346; 2 Rich. Eq., 215; 49 L. R. A., 284.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to enjoin the defendant from exercising, or attempting to exercise, the duties of pastor of the plaintiff Church.

I. There was a motion to strike out certain allegations of the complaint as irrelevant. The motion was granted in part and refused in part. The defendant appeals from so much of the order as refuses to strike out other allegations. *Woodward v. Woodward,* 87 S. C., 249; 69 S. E., 232:

"An order refusing to strike out allegations of the pleadings as irrelevant and redundant is not appealable."

II. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Demurrer overruled. The defendant appealed from this order. The complaint alleged that the defendant was elected pastor of the plaintiff Church on the 28th day of November, A. D. 1917, for a term of one year; that the defendant was deposed on the 27th June, 1921; that, in spite of such deposition, he continued, and threatened to continue, to exercise the duties of pastor of said Church, to the great injury of the Church. Those statements, if true, would entitle plaintiff to relief. The government of the Baptist Church, the regularity of the proceedings by which the defendant has been deposed, whether he has been deposed or not, the au-

thority to bring this suit, etc., are matters of defense to be determined on the trial.

The orders appealed from are affirmed.