## 11483

### ALEXANDER v. FOSTER

#### (122 S. E., 584)

1. LOGS AND LOGGING—IN ACTION ON NOTE FOR TIMBER, REFUSING SOME REQUESTS AND MODIFYING OTHERS, AS TO EFFECT OF MODIFYING AGREEMENT, HELD ERROR.—In an action on a note for standing timber, upon evidence that, after execution of the contract, parties made a modified agreement, altering the place and quantity of timber, refusing some of plaintiff's requests, and so modifying others as to charge that plaintiff was not entitled to stand upon the alleged modification, in the absence of a provision therein that the note sued on was covered thereby, *held* error.

2. CONTRACTS—CONSTRUCTION OF MODIFYING AGREEMENT HELD FOR COURT.—Where execution of a modifying agreement has been established, its construction is for the Court.

Before EVANS, SPECIAL JUDGE, Union, May, 1922. Reversed and remanded.

Action by C. N. Alexander against Knight Foster. Judgment for defendant upon his counterclaim, and plaintiff appeals.

Exceptions 9, 10, 11, and 12 referred to in the opinion follow:

Ninth Exception. His Honor erred in refusing to charge the sixth request to charge of plaintiff, which was as follows, to wit: "I further charge you that, if the defendant, Knight Foster, executed the second contract introduced in evidence in this case, then, by the terms of that contract, as I construe it, the note given by him was to stand as consideration for this second contract; and, if you should so find, you should find for the plaintiff the amount sued for in this case"—the error being that the said request to charge presented a sound proposition of law applicable to the case, in that the only issue made by the pleadings was that the plaintiff appellant had sold to defendant respondent certain timber and thereafter sold the land on which said timber stood without reserving to defendant the timber, thereby

depriving defendant of same, to his damage; and it being admitted by defendant in the trial of the case that the timber was reserved to defendant, and the jury having been so instructed by his Honor in the charge herein, the request to charge herein presented should have been charged.

*Tenth Exception.* His Honor erred in not charging the seventh request to charge of plaintiff-appellant, and in modifying same, which was as follows, to wit: "There is but one question in this case. The defendant admitted on the stand that he had given the note as consideration for the timber on the first tract of land. He has further admitted that no part thereof has been paid. It is not disputed that the plaintiff is still the owner and holder of this note and has the same in possession The only question, therefore, for this jury is: Did the defendant, Knight Foster, agree to and did he execute the second agreement? If you find that he did so execute the second agreement, then your verdict must be for the plaintiff"; the error being that the said request to charge presented a sound proposition of law applicable to the case, and should have been charged without modification, and it was error to refuse the same and to charge the jury that the "answer sets up fraud and deceit and overreaching; that opens up the floodgates to almost anything"—it being submitted that the only issue of fraud raised by the pleadings had been eliminated by the admissions of the defendant, and the charge of his Honor in reference to same.

*Eleventh Exception.* His Honor erred in modifying plaintiff's seventh request to charge, and in charging in connection therewith as follows, to wit: "I charge you down to there with this modification: And if it was agreed that the note should stand for the payment under the second contract. That is, if they agreed to modify that first contract and undertake to put their agreement in writing, and they neglected to state in that second writing that this note was to stand for it, then I charge you, gentlemen, that that note cannot hold under the second contract, because they in-

troduce this second contract, and it says that, wherever it is inconsistent with the former, then this shall prevail. Now, there isn't a word in the second contract as to the note holding good for the land under the second contract"—the errors being: (a) That he thereby charged upon the facts and misstated the facts in stating to the jury that, if they neglected to state in the second contract that the note was to remain good as a consideration to the second or modified contract, then that the note would not be good, and in further stating to the jury that there was not a word in the second or modified contract as to the note holding good for the timber exchanged, and his Honor in so charging thereby charged upon the facts and misstated the facts and misconstrued the second contract, in violation of the constitutional provision that Judges shall not charge on the facts. (b) That in charging the jury that, unless it was expressly provided in the second contract or modified contract that the note was to hold good, and that the second or modified contract contained no such provisions; and in immediately thereafter charging the jury as follows: "But it is not changed, and that condition of the first contract goes on and holds under this contract, with the exception that the tract of land is ruled out, and it is put here for so much a cord and so many cords practically until the $375 for which the note was given has been taken up." His Honor thereby led the jury into confusion, the charge became contradictory in a vital manner, and the request to charge and the modification of his Honor so muddled that the jury were bound to have been impressed with the clear-cut statement that there was no statement in the second modifid contract, whereby the note would remain as a good and binding consideration.

Twelfth Exception. His Honor erred in charging the jury as follows in modifying plaintiff's seventh request to charge, to wit: "If you find that he did so execute the second agreement, then your verdict must be for the plain-

tiff. Why, gentlemen, that is so if there is no fraud. If that is the contract of the parties, and that note holds good under it, and he hasn't been overreached and defrauded by the deceit of Alexander and the act of disposing of the property after Alexander had made the contract with him. That is a question of fact for you"—the errors being: (a) That his Honor thereby presented to the jury a general intimation of fraud, while the only allegations of fraud in the answer and raised by the pleadings were that the plaintiff had sold defendant certain timber and then sold the land on which the timber stood, without reserving it to the defendant, which issue had been eliminated by the testimony of defendant and the deed put in evidence and contract showing that the timber had been reserved to defendant, and the *distinct* charge of his Honor herein in construing the contract and the deed that the timber had been reserved. (b) In that his Honor thereby charged the jury that there was doubt, if the note would hold good, even though the second and modified contract was fairly made between the parties; it being the duty of his Honor to construe the contract and to state to the jury whether or not by its terms the note was to be and to remain as a good and valid consideration. (c) In that his Honor charged upon the facts in stating to the jury that Alexander had been guilty of deceit and had disposed of the property after he had made a contract with defendant.

*Messrs. Barron, Barron & Barron,* for plaintiff-appellant, cite: *Charge upon facts:* 76 S. C., 49; 70 S. C., 79; 79 S. C., 122. *No evidence to support verdict:* 66 S. C., 61.

*Mr. Macbeth Young,* for defendant-respondent, cite: *Fraud:* 104 S. W., 678; 26 C. J., 1059. *Illiteracy of party:* 20 How. (U. S.) 506; 13 C. J., par 251. *Charge on facts:* 98 S. C., 338; 99 S. C., 432; 97 S. C., 116; 100 S. C., 64.

April 22, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN

Action upon a note executed by the defendant to the plaintiff, dated January 12, 1920, due January 1, 1921, for $375, with interest at 8 per cent. after maturity until paid, and 10 per cent. attorneys' fees.

The defendant admits thé execution of the note, which he alleges was given for the standing timber upon 22½ acres of land belonging to the plaintiff; and alleges that the consideration therefor has failed, by reason of the fact that thereafter the plaintiff sold said tract of land to another without reserving the timber; he also alleges (what has been treated as a counterclaim, although defectively pleaded) that by reason of the fraud and deceit of the plaintiff in selling the timber to the defendant, and afterwards selling the land to another without reserving the timber, the defendant has been damaged in the sum of $500.

The undisputed documentary evidence in the case establishes the following facts: (1) On October 15, 1919, the plaintiff, Alexander, bargained the 22½-acre tract of land to one McLaughlin, reserving all wood and timber thereon, with the right of removal limited in the seller to January 1, 1921. (2) On January 12, 1920, Alexander sold to' the defendant, Foster, all of the wood and timber upon said tract of land for $375, and received from him, as representing the purchase price, the note sued upon in this case, described above, with the right of removal limited in the buyer to January 1, 1921. (3) On the same day, January 12, 1920, McLaughlin having transferred his executory contract described above to one Littlejohn, Alexander conveyed the 22½-acre tract to Littlejohn, reserving all wood and timber thereon, with the right of removal limited in the seller to January 1, 1921.

The plaintiff admits that he sold the timber on the 22½-acre tract after he had made the contract with Foster, and claims that he did so under the following circumstances: That about the middle of February, 1920, after the plaintiff had conveyed the land, reserving the timber, to Littlejohn,

the latter, although he was advised of the trade the plaintiff had made with Foster, objected to Foster's cutting the timber and hauling over the land, and, in order to harmonize matters · between Littlejohn and Foster, the plaintiff proposed to sell the timber to Littlejohn at the same price, provided he could get Foster to cut the timber upon another tract which the plaintiff owned; that he carried Foster to the other tract, showed him the timber he proposed to substitute, and that he and Foster verbally agreed to the substitution; that relying upon this verbal agreement, he sold the timber to Littlejohn about February 15, 1920; that on March 18, 1920, he indorsed upon the contract which he had made with Foster on January 12, 1920, the following agreement, which was thereupon signed by Foster:

"I hereby agree to accept wood for note in this contract, at the rate of $2.75 per cord on stump, on lands of C. B. Alexander, known as part of the W. B. Fowler lands, purchased from J. E. Johnson by C. N. Alexander. Other conditions to remain same. This in lieu of wood described in the orignal contract."

The evidence for the defendant tended to show that, soon after entering into the contract of January 12, 1920, the defendant got together his wagons and a number of woodcutters and sent them into the woods on the 22½-acre tract; that Littlejohn, with a shotgun persuasion, ordered them off; that he reported the matter to Alexander, but could get no satisfaction (Littlejohn claims that this ejection was made after he traded with Alexander for the timber); that the substituted tract contained no pine timber at all, scarcely; was further from the market, and practically inaccessible for the truck which he had bought for the purpose of hauling wood from Alexander, and paid him $1,800 for it; that he never signed the alleged agreement of March 18, 1920, never saw it until it was produced in Court. The defendant did not cut a stick of timber upon either place.

The jury returned a verdict in favor of the defendant of $250 upon his counterclaim and the plaintiff has appealed.

It is not deemed necessary to consider any of the exceptions other than the ninth, tenth, eleventh, and twelfth, which assign error in charging substantially that the plaintiff was not entitled to stand upon the alleged modification of March 18, 1920, in the absence of a provision therein that the note sued upon was covered thereby. Let these exceptions be reported. The plaintiff was clearly entitled to the sixth and seventh requests, as set out in exceptions 9 and 10; and the modification of the seventh request, as set out in exception 10, was erroneous.

The main point of controversy in the case was the execution of the alleged modifying agreement of March 18, 1920. If its execution had been established, its construction was a matter of law for the Court to determine. That construction clearly should have been that, instead of the timber on the 22½-acre tract, the defendant agreed to accept as much on the other tract at $2.75 per cord as his note for $375 would buy, 136.36 cords. It will be observed that the agreement of March 18, 1920, if valid, made two important alterations in the original contract. The original contract provided for all the timber on a certain tract at the price of $375; the substituted contract provided for a part of the timber on a different tract, at the same price; and referred specifically to the note for $375 which had been given. Hence it is obvious that, if the later contract altered only the place and the quantity, leaving, as it provides, other terms of the contract intact, the consideration of the later contract was the note.

The effect of the charge was to annihilate the plaintiff's contention, regardless of the vital issue of the execution of the later contract.

The judgment must be reversed, and a new trial had; it is so ordered.

MESSRS. JUSTICES WATTS. FRASER and MARION concur.