17298

HENRY B. WINCHESTER, Respondent, v. UNITED INSURANCE COMPANY, Appellant

(98 S. E. (2d) 530)

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Appellant,*

*Messrs. Mike S. Jolly, David N. Wilburn, Jr., and Long & Long,* of Union, *for Respondent,*

May 30, 1957.

Moss, Justice.

This is a consolidated appeal from an order in two cases, identically captioned, each originally seeking to recover actual and punitive damages. The appeal is from an order of the Judge of the Civil Court of Union County, South Carolina, overruling the motion of appellant to consolidate the two cases and to strike certain allegations from the two complaints.

Each complaint alleges that the respondent purchased a policy of insurance from Capital Life Insurance Company, dated March 1, 1954, differently numbered, one paying surgical and accidental death benefits, and the other covering hospitalization and paying a death benefit. Both of

said policies were noncancellable, except for non-payment of premiums or for disability commencing before the date and delivery of said policy. The complaints alleged that the respondent suffered injury to his leg and foot, and that thereafter the appellant, United Insurance Company, having purchased the insurance business of Capital Life Insurance Company and assumed all liability on policies then in force, fraudulently refused to accept premiums tendered by the respondent, thereby depriving the respondent of his non-cancellable insurance policies. It is further alleged that as a result of the fraudulent, wrongful, malicious and willful conduct that the respondent has been injured and damaged.

The appellant made a timely motion to consolidate the two cases, together with a motion to strike certain portions of each of the complaints.

The motions to consolidate and to strike were heard by County Judge Sam E. Barron, and on August 9, 1956, he filed an order overruling all motions. This appeal followed.

The first complaint has to do with Policy No. 10494, which provides for accident and health benefits, an accidental death benefit and also a schedule of payments for surgery. The second complaint has to do with Policy No. 432219, and it is alleged that it is a life and health policy, purporting to pay to the insured a per day allowance for illness or accident necessitating hospitalization, as well as a death benefit to the insured's wife.

It appears from the records of this court that after the County Judge had overruled the motions to consolidate and strike, heretofore referred to, that the appellant moved before the County Court to require the respondent to elect as to whether he would go to trial in contract or in tort. It also appears that on Policy No. 10494, the respondent elected to proceed in contract, and on Policy No. 432219 elected to proceed in tort. It appears also that from these records the appellant, after respondent had elected to pro-

ceed in contract insofar as Policy No. 10494 was concerned, made a motion to strike from the complaint all allegations appropriate to a cause of action in tort. Agreeable with this motion the respondent did strike all allegations of said complaint which had been made irrelevant and redundant by his election to proceed in contract. An amended complaint conformable to this was prepared and served.

The appellant is before this court upon a number of exceptions. This appeal may be disposed of by a determination of two questions. (1) Did the trial Judge err in refusing to consolidate the two actions? (2) Did the trial Judge properly overrule the motion of appellant to strike certain matter from the complaints, on the ground that the same is irrelevant and redundant?

In the case of *Pelzer Mfg. Co. v. Sun Fire Office,* 36 S. C. 213, 15 S. E. 562, 579, the following rule was announced:

"It is necessary, therefore, to inquire whether there was any error in refusing the motion to consolidate. It has long been settled, in this state at least, that a motion to consolidate is addressed to the discretion of the court; not, of course, an arbitrary or a capricious discretion, but a legal discretion to be exercised in view of all the surrounding facts and circumstances.. *Treasurers v. Bates,* 2 Bail. [362] 380; *Worthy v. Chalk,* 10 Rich. [141] 142."

In the case of *Bishop v. Bishop,* 164 S. C. 493, 162 S. E. 756, 757, this Court said:

"Ordinarily, the granting or refusing of motions to consolidate actions for trial must be left to the wise discretion of the trial judge, but his exercise thereof will be disturbed, if it deprives a party of a substantial right, which he can show he is entitled to under the law. 'Abuse of discretion,' as used in this connection, merely means that the trial judge committed an error of law in the circumstances."

In the case of *Ford v. New York Life Insurance Co.,* 176 S. C. 186, 180 S. E. 37, 38, the plaintiff instituted two separate actions for the recovery of certain disability benefits

alleged to be due under separate policies of insurance, together with premiums paid during such period of disability. Upon motion of the plaintiff, the two actions were consolidated for trial. The defendant Insurance Company alleged error. The Court, in sustaining the consolidation, said:

"By exception 1 the appellant alleges error requiring a consolidation of the two actions. The policies in question were identical as to dates, amounts, and provisions. They differed only as to numbers. Suits on both policies were started the same day. The testimony and law were applicable alike to each policy. If there had been two trials, one on each policy, the second trial would have been but a repetition of the first, with the same witnesses and the same testimony. The court, in order to save time and the expenses of the trial, consolidated the two suits for trial.

* * *

"Applying the tests above set forth, we find that each of same causes was pending in court and between the same parties and relates to the same question. It took the same proof to make out the allegations of the complaint, and the defense in each case was identical. The court properly consolidated the two actions for the purpose of trial."

In the case of *DeTreville v. Groover,* 219 S. C. 313, 65 S. E. 2d 232, 239, this Court said:

"We think the Court erred in not consolidating the three cases. *Farmers & Merchants National Bank of Lake City v. Foster,* 132 S. C. 410, 129 S. E. 629; *Barrett v. Broad River Power Co.,* 146 S. C. 85, 143 S. E. 650. The suits are in equity. The relief sought in each case is the same, namely, an injunction against the enforcement of the ordinance. The defenses interposed by the Town in each case are generally the same. While the individual plaintiffs are different, all of them are representative of the same class and have a community of interest in the subject matter. A consolidation would save time and expenses, expedite the final determination of this litigation, and result in no

prejudice to any of the parties. We are not unmindful of the rule that a matter of this kind is ordinarily addressed to the sound discretion of the trial court, but we think under the circumstances the Court committed an error of law in refusing the motion for consolidation."

In the case of *Binswanger & Co. v. Green,* 216 S. C. 108, 56 S. E. (2d) 749, 751, it is said:

"The general rule applied in ordering consolidations of causes at law is that the different actions shall be pending in the same court, at the same time, between the same parties, and involving substantially the same subject-matter, issues and defenses. Such is the holding in this jurisdiction in actions at law. *Kennedy v. Empire State Underwriters of Watertown, N. Y.,* 202 S. C. 38, 24 S. E. (2d) 78; *Shuler v. Swift & Co.,* 183 S. C. 140, 190 S. E. 447; *Bishop v. Bishop,* 164 S. C. 493, 162 S. E. 756; *Farmers & Merchants Nat. Bank v. Foster,* 132 S. C. 410, 129 S. E. 629."

And again from *Binswanger & Co. v. Green, supra:*

"The effect of the decisions of this court, which we have cited, is that consolidation of different pending actions in the same court should not be granted when the result thereof is to bring about a complication of issues of fact, embarrassment or delay in the trial; difficulty to the parties, the jury, and the court to present or apply the law to the several tendencies of the evidence; or result in prejudice to the rights of the parties."

As is heretofore stated, the two actions here involved were pending in the same court, at the same time, and between the same parties; but they did not involve the same subject-matter. One was concerned with alleged breach of a policy for surgical and accidental death benefits; the other, with alleged breach of a hospitalization policy, which included a death benefit. We cannot say that there was abuse of discretion in the trial judge's refusal to order them consolidated. While respondent's election, hereinbefore mentioned, to proceed in

contract under one policy and in tort as to the other, came after the refusal of the motion for consolidation, and therefore cannot influence our decision of the present appeal, the very fact that such election could have been, and was, made, is indicative of the confusion that might have resulted had the two actions, each jumbling causes of action in tort and in contract, had been ordered consolidated.

Coming now to the second question, it appears from the record that insofar as the complaint on Policy No. 10494 is concerned, the respondent amended his complaint and struck all allegations made irrelevant and redundant by his election to proceed in contract. The question as to this complaint has, therefore, become moot and academic.

As to the complaint which involves Policy No. 432-219, upon which the respondent elected to proceed *ex delicto,* it is sufficient to say that the order refusing to strike the allegations is not appealable.

In the case of *Sparks v. D. M. Dew & Sons, Inc.,* S. C., 96 S. E. (2d) 488, we said:

"An order refusing to strike allegations in the pleadings as irrelevant and redundant is not appealable. *Harbert v. Atlanta & C. A. L. Ry.,* 74 S. C. 13, 53 S. E. 1001; *Strait v. British & American Mortgage Co.,* 77 S. C. 367, 57 S. E. 1100; *Citizens' & Marine Bank v. Witcover,* 77 S. C. 441, 58 S. E. 146; *Cooper v. Atlantic Coast Line R. Co.,* 78 S. C. 562, 59 S. E. 704; *McCandless v. Mobley,* 81 S. C. 303, 62 S. E. 260; *Woodward v. Woodward,* 87 S. C. 247, 69 S. E. 232.

"Upon trial, however, appellant will not by the order appealed from or this opinion be precluded or in any wise prejudiced in its efforts to exclude such testimony as may be offered in support of the allegations sought to be stricken from the complaint."

Judgment of the lower Court is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.