17324

HENRY B. WINCHESTER, Respondent, v. UNITED INSURANCE
COMPANY, Appellant

(99 S. E. (2d) 34)

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for
Appellant,*

484

*Messrs. Mike S. Jolly, David N. Wilburn, Jr.,* and *Long & Long,* of Union, *for Respondent,*

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Appellant, in reply,*

· July 10, 1957.

TAYLOR, Justice.

This appeal arises from an action brought in the County Court for Union County to recover damages for the alleged wrongful cancellation of an insurance policy issued to respondent Henry B. Winchester by Capital Life Insurance Co., on March 1, 1954. The policy provided for hospitalization and accidental death benefits. The Capital Life Insurance Co. subsequent to the issuance of the policy was acquired and its liabilities assumed by appellant United Insurance Company. Upon motion of appellant that respondent be required to elect whether to proceed under contract or tort, he elected to proceed under tort; and upon trial, the jury rendered a verdict in favor of respondent for the sum of $1,200.00 actual damages and $600.00 punitive damages. Appellant appeals and lists a number of exceptions; but in our opinion it is necessary to pass only upon the questions of, first, whether or not the Court erred in refusing appellant's motion for a directed verdict; and, second, whether or not there was error in refusing to charge appellant's second request.

This case was recently before this Court on the question of whether or not the Court below erred in refusing to consolidate this case with that of another between the same parties II, 84, involving a policy of insurance which provided for surgical and accidental death benefits, *Winchester v. United Insurance Company,* S. C., 98 S. E. (2d) 530. The

policies are of the same date, between the same parties, and the acts complained of with relation to the parties are the same.

Approximately two years after the issuance of the policies, respondent was hospitalized and operated on for a diseased foot and leg. On or about April 1, 1956, claim was filed under the policy. Appellant did not immediately honor this claim and respondent made inquiry at its office in Union several times concerning thereabout and was told to go to the home office in Columbia which he did and was there told by appellant's agent that the claim was being written up and the insurance cancelled, to which respondent replied that the policy was non-cancellable. Respondent was then told that a rider would be placed on the policy excluding anything pertaining to the right foot and right side and that the check for the payment of his claim would be forwarded to appellant's District Office in Spartanburg. Respondent then went to the Spartanburg Office and received the check on June 8th. The last premium paid on the policy by respondent was April 28, 1956, keeping the policy in force through May 6th and a grace period of four weeks. Appellant contends that the policy lapsed as of June 3, 1956, and respondent contends the lapse date was July 16th; that when his claim was paid on June 8th, he offered at that time to pay all past due premiums and appellant refused to accept them. He further contends that his failure to pay the premiums when due was because the company had failed to promptly pay his claim; and being unable to work, he had no other funds with which to make payments. He further contends that the local agent had advanced several premiums for him; and this is substantiated to some extent by the testimony of the local agent, who testified that it was the policy of the Company not to cancel the insurance of the policy holder while a claim was pending and that on numerous occasions he had paid premiums for the respondent; that on June 25th he had been ordered by the District Superintendent to cancel the policy as of July 16th and that same was officially lapsed as of that date. Appellant's records substan-

tiate this portion of the testimony in that they show July 16th as the date the policy was lapsed. Under the circumstances, the jury could have reasoned that the agent had advanced the premiums or that they had been waived during the pendency of the claim. In any event, it is undisputed at the time respondent's claim was paid, June 8th, he offered to pay any premiums due. Further, the insurer is not justified in declaring a forfeiture of an insurance policy for non-payment of premium when at the time the insurer is in any way indebted to the insured in an amount equal to or greater than the amount of the premiums due, 29 Am. Jur., Insurance, Section 415; see also the Opinion of this Court arising out of the other policy referred to herein, *Winchester v. United Insurance Co.*, S. C., 99 S. E. (2d) 28.

In the absence of an explanation as to the delay in acting upon respondent's claim, the jury might reasonably have inferred that this claim should have been paid prior to June 3rd and that there was due and owing an amount in excess of the premium in arrears. Therefore, the first question must be resolved against appellant's contention.

The trial Judge excused the jury upon completion of his charge and inquired of counsel if they had any requests to charge, whereupon the following transpired:

"Mr. Carlisle Beam: We ask the Court to charge that unless the Plaintiff proves by the greater weight that the Defendant has been guilty of fraud either actual or implied or wrongfully cancelled the policy then you must find for the Defendant.

"Also, we ask the Court to charge that in connection with the policy, that the policy provides that it may be cancelled without liability on the part of the Defendant for the non-payment of premiums when due or within grace period. This is a matter of law rather than one of fact.

"The Judge: The first request is correct. The second one I don't agree with."

Paragraph 16 of the policy provides:

"\* \* \* This Policy cannot be cancelled by the Company except for non-payment of premiums or for disability commencing before date and delivery of this Policy. All premiums may be returned and the Policy cancelled at the option of the Company if Insured is not in sound health on the date this Policy is issued and delivered."

The construction of the contract is a matter of law for the Court, *Breedin v. Smith,* 126 S. C. 346, 120 S. E. 64; *Alexander v. Foster,* 128 S. C. 247, 122 S. E. 584; *Grant v. Metropolitan Life Ins. Co.,* 194 S. C. 25, 9 S. E. (2d) 41; and the request was proper as it was within the province of the company to cancel the policy if the premiums were not paid *when due or within the grace period.*

It is our opinion that the trial Court erred in refusing appellant's request; that the verdict and judgment appealed from must be set aside and the case remanded to the County Court of Union County for a new trial and It is so ordered. Reversed.

S^ʿUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.