### 10997

### RYDER v. JEFFERSON HOTEL COMPANY

(113 S. E. 474)

1. ACTION—CAUSES OF ACTION OF HUSBAND AND WIFE FOR WRONGFUL EXPULSION FROM HOTEL NOT JOINABLE.—Husband and wife may not maintain a single action for being expelled from a hotel on charge that they were not married, as their causes of action are separate, and do not, as required by Code Civ. Proc. 1912, § 218, for uniting of causes of action in the same complaint, "affect all the parties to the action."

2. PLEADINGS—DEMURRER LIES FOR JOINING SEPARATE CAUSES OF ACTION OF DIFFERENT PLAINTIFFS.—Demurrer is proper remedy for joining in a single complaint the separate causes of action of different plaintiffs.

Before BOWMAN, J., Richland, December, 1921. Reversed.

Action by Charles A. Ryder and wife against Jefferson Hotel Co., John J. Cain and S. H. Bickley.  From order overruling a demurrer to the complaint, defendants appeal.

*Messrs. Nelson & Mullins,* for appellants, cite: *Joint action in tort:* Pom. Code Rems. (4th Ed.), 215; Code Proc. 1912, Sec. 218; 97 S. C., 27. *Demurrer not proper pleading in certain cases:* 68 S. C., 257; 82 S. C., 562. *But if pleading embraces two or more causes of action which cannot be joined, demurrer is proper:* Pom. Code Rems., 458; 31 Cyc., 292; 21 R. C. L., 523; 9 S. C., 277.

*Messrs. Cole L. Blease* and *B. J. Wingard,* for respondents.

September 7, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The complaint in this action, as fairly summarized by appellants' counsel, alleges in substance that the plaintiff, Charles A. Ryder and the plaintiff, Edith C. Ryder, are husband and wife; that the plaintiff, Charles A. Ryder, on or about the 2nd day of October, 1921, and the plaintiff, Edith C. Ryder, on or about the 4th day of October, 1921, became guests of the defendant, Jefferson Hotel Company, and entered into a contract with said Jefferson Hotel Company for accommodations usually incident to the relationship between innkeeper and guest; that thereafter, during the night of October 4th, the defendant, S. J. Bickley, acting as the servant and agent of the defendant Jefferson Hotel Company, roused the plaintiffs by rapping upon their room door, and in a rude and angry manner insulted the plaintiff, Edith C. Ryder; that as a result of the insults, imputations, and charges, which are fully set out in the complaint, and of the flagrant breach of the contractual obligations and resultant duties which the defendants owed the plaintiffs as public guests for hire, the plaintiffs were compelled to give

up the accommodations due them and leave the said hotel, and were forced at midnight and at great inconvenience and uncertainty to seek another lodging place; that by reason of such high-handed, malicious, and willful conduct, on the part of the said hotel and its servant and agent, the plaintiffs were greatly injured in their reputations, credit, and business, and that the plaintiff Charles A. Ryder has suffered great loss of custom and has been deprived of great gains and profits which he would have made; and that by reason of the careless, negligent, willful, and wanton breach of said contract and high-handed acts and insults the plaintiffs have been damaged in the sum of $10,000.

Defendants separately demurred to the complaint upon the ground that it appeared upon the face thereof that several causes of action had been improperly united therein, for the reason that the several causes of action united do not affect all the parties to the action. From an order overruling the demurrer, defendants appeal.

The sole question for determination is: Does the complaint contain two causes of action which may be joined in the same complaint? It is apparent, as appellants suggest, that the complaint alleges a cause of action by Charles A. Ryder against the defendants for a personal tort—that is, for a breach of duty growing out of the relationship existing between the parties, to wit, innkeeper and guest—and also a cause of action by Edith C. Ryder against the defendants for a tortious breach of duty growing out of the same relationship. It is also apparent that both of these alleged causes of action arose out of the same transaction, in the sense that the injury to each of the plaintiffs was caused by the same delict. But appellants contend that it is equally apparent from the allegations of the complaint that the rights invaded and the injuries sustained are necessarily several, and that plaintiffs cannot maintain a joint action and recover joint damages therefor. We think that contention must be sustained.

Section 218 of the Code of Procedure (1912), classifying the various causes of action which may be united in the same complaint, contains this proviso:

"But the causes of action, so united, must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated."

The rule applicable is thus stated by Judge Pomeroy in his work on Code Remedies (4th Ed.), p. 215.

"When a tort of a personal nature, as assault and battery, a false imprisonment, a libel, a slander, a malicious prosecution, or the like, is committed upon two or more, the right of action must, except in a very few special cases, be several. In order that a joint action may be possible, there must be some prior bond of legal union between the persons injured—such as partnership relation—of such a nature that the tort interferes with it, *and by virtue of that very interference* produces a wrong and consequent damage common to all. It is not every prior existing legal relation between the parties that will impress a joint character upon the injury and damage. Thus, if a husband and wife be libeled, or slandered, or beaten, although there is a close legal relation between the parties, it is not one which can be affected by such a wrong, and no joint cause of action will arise. The doctrine above stated has been fully recognized and asserted by the Courts since the Codes were enacted."

That the rights infringed and the injuries suffered by the two plaintiffs in the case at bar are several, and not joint, would not seem open to question. To illustrate: If the two plaintiffs, husband and wife, occupying the same berth in a sleeping car, had both been physically injured in a wreck of the train, it would scarcely be contended that they could properly bring a joint action for the damages sustained by each on account of the carrier's delict. The

complaint here does not state a cause of action for injuries to the wife alone, and join the husband as a formal party under the provisions of Section 163 of the Code of Procedure (1902). Neither is the husband's alleged cause of action based upon loss of consortium and expenses incurred on behalf of the wife. The wife's cause of action, as alleged, does not "affect" the husband, and the husband's cause of action does not "affect the wife, in the sense that the Code of Procedure (Section 218) require that the causes of action joined in the same complaint "must affect all parties to the action." Neither has a legal interest in the pecuniary recovery of the other, and in contemplation of law there can be no joint and common damage to both resulting from a wrong which gives rise to separate and district rights personal to each. See, generally, as to a married woman's right of action for tort, *Messervy v. Messervy*, 82 S. C., 559, 64 S. E., 753; *Prosser v. Prosser*, 114 S. C., 45, 102 S. E., 787.

At common law it seems that even the husband's cause of action for the loss of the wife's services and companionship and expenses incurred by him on account of injury to the wife could not be joined with the cause of action for injuries personal to the wife. 13 R. C. L., p. 1434. In the case of *Bennett v. Ry. G. & E. Co.*, 97 S. C.. 27, 81 S. E., 189, it was held that an administrator could not, under Section 218 of the Code of Civil Procedure, unite in the same complaint a cause of action surviving to him for damages suffered by his intestate and a cause of action under Lord Campbell's Act for the benefit of the next of kin of the intestate, "since the real parties plaintiff in interest and the elements of damages recoverable in the two causes of action are different" (syllabus). In the case at bar not only are the parties plaintiff different, and the potential · elements of damage recoverable by the parties different, but neither party has the right to sue for

the benefit of the other, as the administrator in the Bennett Case had the right to sue upon either of the causes of action sought to be joined in that case. We are therefore clearly of the opinion that there is no such joint right to enforce a common recovery as entitles the plaintiffs in the case at bar to join their several causes of action in the same complaint. As was said by Mr. Justice Hydrick in the Bennett Case:

"Necessarily * * * there must be separate verdicts and separate judgments, and hence there should be separate actions and separate trials."

In a case of this kind, demurrer is the appropriate remedy. A motion to make the complaint more definite and certain, by separately stating each of the causes of action, would not avail, for the reason that such separate statement would still leave a complaint containing two causes of action improperly joined. Neither would a motion to strike out one of the causes of action as redundant be proper, for the reason that both plaintiffs are equally entitled to have the allegations referring to their distinct causes of action remain in the complaint. Hence the rule announced in the cases of *Marion v. Charleston*, 68 S. C., 257, 47 S. E., 140, and *Duncan v. Jones*, 82 S. C., 562, 64 S. E., 749, is not applicable to the question here presented.

The order of the Circuit Court is reversed.

MR. CHIEF JUSTICE GARY and JUSTICE COTHRAN concur.

MR. JUSTICE FRASER (dissenting): I cannot concur in the opinion of Mr. Justice Marion. A long citation of authorities in a dissenting opinion is unnecessary. The plaintiffs were occupying a room at the hotel, claiming that they were husband and wife. They were expelled from the hotel, under the allegation that they were not husband and wife. It was a denial of the joint relationship that caused the trouble.

It seems to me that the illustrations used are not appropriate to the case. When a husband and wife are injured in one railroad accident, the injuries are individual, and not joint. It seems to me that the case is somewhat like an injury to a copartnership. I do not think that it will be doubted that the copartnership can bring an action for injury to the copartnership, although the injury to the two copartners may not be the same. One of the copartners may have no other business that could be affected. The other may have other business and all business in which the other copartner is engaged may be affected. In the joint action the other copartner may not be able to recover for the injury peculiar to himself; but the injury to the copartnership is a joint injury, and for this injury it may recover. Here the offense was against the husband and wife and affected their relation as husband and wife. This is manifestly a joint injury. If the defendant had moved to strike out those allegations of damage that were peculiar to the husband, a different question would have been presented; but to my mind there certainly was a joint injury, for which a joint action can be maintained, and it was not error to overrule the demurrer.

For these reasons I dissent.