13054

BYRD v. STATE HIGHWAY DEPARTMENT

(156 S. E., 454)

*Messrs. John M. Daniel,* Attorney General, and *Cordie Page* and *J. Ivey Humphrey,* Assistants to the Attorney General, and *Lee & Shuler* for appellant,

*Messrs. Hinds and Meadors* for respondent.

January 12, 1931.

The opinion of the Court was delivered by Mr. JUSTICE STABLER.

This is an appeal from an order of Judge John S. Wilson, refusing motion made by defendant to consolidate for trial four cases brought against it by plaintiff in the Court of Common Pleas for Williamsburg County.

In one of the actions plaintiff alleges that he owns a tract of 63¾ acres of land, adjacent to and immediately west of the State highway between Lake City and Kingstree, in Williamsburg County; that the land is located between Smith's Swamp on the north and Little Swamp on the south, both swamps being natural water courses running from west to east across the State highway, which extends practically north and south; that, in the latter part of 1927 and the early part of 1928, defendant, in hard-surfacing the highway, and in repairing it and raising its grade for that purpose, negligently constructed and repaired it in such way as to leave totally insufficient openings in Smith's Swamp and Little Swamp to permit the flow of the amount of water which naturally flows through and along these swamps, and negligently failed to leave any openings whatever under the

highway between the swamps for the water to pass through; that, when the highway was being constructed, repaired, and hard-surfaced, notice of these defects was given to defendant; that, by reason of the acts of negligence referred to, water was obstructed and caused to back and stand on plaintiff's land during the year 1928, and especially in the months of February and September, at which last-mentioned time the entire tract was submerged and overflowed and remained so for practically a week, thereby causing the land, buildings, orchards, and other improvements thereon, to become wet, sobbed, sour, unproductive, etc., to plaintiff's damage in an amount in excess of $1,500.00.

In the second action judgment is sought against defendant for $1,455.00, the value of plaintiff's interest in certain crops of cotton, corn, pea vine hay, potatoes, ribbon cane, and vegetables, planted and growing on the same tract of land, and destroyed in September, 1928, as a result of the same act of negligence in hard-surfacing and repairing the same highway at the same time.

In the third action judgment is sought against defendant for $325.00, the amount of damage sustained by plaintiff in September, 1928, through injury to his 1927 corn and his seed cotton, oats, hay, machinery, and tools stored in the barns and houses on the same tract of land, as a result of the same acts of negligence in hard-surfacing and repairing the same highway at the same time.

In the fourth action judgment is sought against defendant for $70.00, the value of plaintiff's interest in 3 acres of peas planted and growing on the same tract of land and destroyed in February, 1928, as a result of the same acts of negligence in hard-surfacing and repairing the same highway at the same time.

In due time defendant filed practically the same answer to the complaint in each action and served notice of a motion to consolidate the four cases for trial, upon the ground that the four causes of action are one and the same and based up-

on the identical alleged negligence. From Judge Wilson's order refusing the motion to consolidate, defendant appeals to this Court.

Section 430 of the 1922 Code of Civil Procedure provides:

"The plaintiff may unite, in the same complaint, several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of:

"1. The same transaction, or transactions connected with the same subject of action."

In *Barrett v. Broad River Power Company,* 146 S. C., 85, 143 S. E., 650, 654, this Court, speaking through Mr. Justice Blease, said:

"Although the provision quoted from the Code may have been enacted for the benefit, mainly of plaintiffs, it can, and should, be invoked in a proper instance, for the protection of defendants. While a plaintiff has the right in the first instance, to elect if he will unite his several causes of action in one suit, the Court as shown by the authorities before mentioned, may require him to try all of them together, if he refuses to unite.

"It must be conceded, of course, that ordinarily, the granting or refusal of motions to consolidate must be left to the wise discretion of the trial Judge. It has been indicated, however, in the matter of amendment of pleadings, where the Judge also has much discretion, that his exercise thereof will be disturbed, if it deprives a party of a substantial right which he can show he is entitled to under the law. *Trumbo v. Finley,* 18 S. C., 305.

"We are sure that in many instances, in the years gone by, the rulings of presiding Judges, in matters wherein they are given the right to exercise their discretion, were not interfered with because of the old unfortunate statement to the effect that it must be shown that there was an 'abuse of discretion.' Recently it has been shown time after time that the term 'abuse of discretion' does not mean any re-

flection upon the presiding Judge, and it is a strict legal term, to indicate that the appellate Court is simply of the opinion that there was commission of an error of law in the circumstances.

"Where actions may be properly consolidated without injury to any of the parties, that course should be taken to prevent a multiplicity of suits, to save costs to the parties themselves, to conserve the time of the Court, to clear congested dockets, and to help the taxpayers, who bear the expenses of maintaining Courts.

"A defendant, when brought into Court in separate actions on numerous complaints which could be joined in one suit, has a substantial right to request the Court to force his adversary to try all the cases together, when such trial can properly be had, for no man, even if he is a defendant in a Court, should be harassed and annoyed with continued useless litigation."

See, also, *Farmers' & Merchants' Nat. Bank v. Foster,* 132 S. C., 410, 129 S. E., 629.

The four actions now before us are all in tort and grew out of the same act or acts of alleged negligence, or the same transaction; they are pending in the same Court, between the same parties, and involve substantially the same defense; and all of them might have been united in one complaint. The motion for consolidation, therefore, should have been granted.

The order appealed from is reversed.

MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER, and MR. ACTING ASSOCIATE JUSTICE COSGROVE, concur.