13080

SIMONS-MAYRANT CO. v. GULF REFINING CO. *ET AL.*

(158 S. E., 255)

May, 1930.

*Messrs. Mitchell & Horlbeck,* for appellant,

*Messrs. Buist & Buist,* for Simons-Mayrant Co.,

*Mr. J. W. D. Zerst,* for respondent, Southern Surety Company.

March 2, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Grimball, refusing a motion by the defendant Gulf Refining Company to consolidate two actions brought by the plaintiff (1) against the defendants Gulf Refining Company and the Southern Surety Company, and (2) against the Gulf Refining Company alone; and from an order of the same Judge striking out a portion of a counterclaim interposed by the defendant Gulf Refining Company to the complaint in the action first above referred to.

It appears that the Gulf Refining Company and the Simons-Mayrant Company had entered into a contract under which the Simons-Mayrant Company, as contractors, undertook to drive certain sheet-steel piling, as a bulkhead, for a wharf of the Gulf Refining Company, in Charleston. After driving the first section of the piling, a point was reached on the second section where the driving became more difficult. The contractors claimed that there was an obstruction at this point which could not be driven through "by ordinary means," and that it was the duty of the Gulf Refining Company to remove the obstruction, The Gulf Refining Company denied the existence of such obstruction, or that, if it existed, it was incumbent upon it to remove it, claiming that the increased difficulty of driving at that point was a risk assumed by the contractors, and could have been met with proper appliances. The contractors insisted upon skipping over this point until the Gulf Refining Company removed the alleged obstruction; the Gulf Refining Company insisted that the work proceed in an orderly manner; that it could not proceed until the piling had been driven at the disputed point. The contractors then abandoned the work, claiming that further performance had been prevented by the Gulf Refining Company. That company notified the bond company, surety upon the bond of Simons-Mayrant Company, of the failure of the contractors to complete the contract, and called upon it to complete the work. This the bond company declined to do.

The Gulf Refining Company then had the right to complete the work itself and charge the cost to the contractors in a settlement with them. As matters stood then, the Gulf Refining Company had the right to sue the contractors for breach of contract, and the contractors had the same right to sue the Gulf Refining Company, the issue in either case depending upon the respective claims of breach of contract.

Before the Gulf Refining Company could either complete the work or bring an action for damages for breach of contract, the Simons-Mayrant Company instituted a most unusual action against it and the bond company. On April 29, 1930, summons and complaint were served. The complaint alleges a cause of action against the Gulf Refining Company for damages, $2,936.02, resulting from its breach of the contract. It further alleged that the Gulf Refining Company had asserted its determination to prosecute the work for account of the contractors and to call upon the bond company for the balance that might be acsertained to be due by the contractors to it upon the bond. It was alleged: "The intention of the defendant Gulf Refining Company, as above expressed, if carried into effect, will result in litigation by the said defendant Gulf Refining Company against the defendant Southern Surety Company of New York, which, if successful, will result in litigation by the Southern Surety Company of New York against this plaintiff, in each of which suits will be raised essentially the same issues that are presented in this action, and this multiplicity of suits is unnecessary and will be an undue hardship upon this plaintiff, in that all questions that can or may be raised in the said suits can be raised in this suit now brought by this complaint. It is possible that the contemplated suit of the Gulf Refining Company against the Southern Surety Company of New York will be brought in some other State, far removed from the site of the work and will cause additional burdens upon the plaintiff." Upon such alleged grounds of multiplicity of actions, the complaint asserts and demands the

exercise of the equity to enjoin the defendant Gulf Refining Company from bringing of other suits upon the contract between the parties in this or in any other jurisdiction, asserting the power of the Court to afford full and complete relief to all parties to this suit and to give a final adjudication between the said parties as to any and all questions arising out of or connected with the contract; and to enjoin the Gulf Refining Company from suing the bond company, in this or any other jurisdiction upon its contingent liability upon the bond.

Upon an *ex parte* application, his Honor, Judge Mann, on April 29, 1930, issued a temporary restraining order in compliance with the prayer of the complaint and a rule to show cause before his Honor, Judge Grimball, why the order should not be continued *pendente lite*.

Two days after the issuance of the order of his Honor, Judge Mann, dated April 29, 1930, to wit, on May 1, 1930, Simons-Mayrant Company. commenced a second action against the Gulf Refining Company based upon a cause of action for $2,858.91 damages alleged to have been caused to a barge of the contractors from sinking on a submegred pile while working at the same place under said contract. This complaint in the second suit specifically refers to the contract. "The plaintiff at the invitation of the defendant, and pursuant to a contract between them had undertaken to do certain work in the installation of a new bulkhead at or near the said place, that was work of a character for which it was necessary and convenient to have and use at the said place a derrick barge."

Further the complaint in the second suit alleges that Gulf Refining Company "exploded charges of dynamite in the vicinity of the dolphins of the bulkhead wharf, and the shock of these explosions, not only affected the dolphin piles but shook and jarred the said bulkhead, causing the piles thereof to be broken off and thrown out of position."

The complaint in the first suit alleges that, "while the work

of driving the sheet was in progress, a serious break in the wooden bulkhead of the defendant Gulf Refining Company occurred at a certain point opposite the line on which the said sheet piling was to be driven and this break was caused by the use of explosives by the said defendant Gulf Refining Company."

Under these conditions Gulf Refining Company moved before Judge Grimball to embrace the Simons-Mayrant Company as well as the Gulf Refining Company within the scope of the order restraining against multiplicity of suits, and to require that the second suit be litigated and tried in the first suit, and that they be consolidated. The grounds of this motion were, among others, that, plaintiff having invoked the Court of Equity so that all disputes arising out of or connected with the contract be determined in the equity cause, the plaintiff two days after its first action violated the terms of the order, and itself did the very thing it caused the defendant to be enjoined from, viz., it commenced a new suit on a cause of action arising out of and closely connected with the same contract, at the same place, during the same times, and alleged to have resulted from the same cause as the first action. Defendant also urged that it was not fair or consonant with equitable principles that plaintiff could cause the Court *ex parte* to fasten restraints upon defendant and reserve to itself the prerogative of dispensing with those restrictions two days later and proceeding to do the precise thing as plaintiff which its complaint and the order said the defendant must not do.

The matter then came on to be heard by his Honor, Judge Grimball, who signed an order, dated May 31, 1930, continuing the injunction and refusing the motion to consolidate the two actions. From this order, the Gulf Refining Company has appealed.

The first case contains two causes of action: (1) A cause of action based upon an alleged breach of contract for damages; (2) a cause of action in equity

for an injunction. The causes of action are not separately stated, as they should have been.

The second case contains a cause of action at law for damages in certain matters directly connected with the execution of the contract. There appears no satisfactory reason why they should not have been joined in the same complaint. See *Barrett v. Company,* 146 S. C., 85; 143 S. E., 650; *Byrd v. Highway Dept.,* 159 S. C., 181, 156 S. E., 454. Particularly is this true in view of the invocation by the plaintiff of the jurisdiction of the Court of Equity to adjudicate all controversies between the parties connected with the contract in one proceeding.

As a matter of course, the parties will have the right to trials of the legal causes of action as such issues are usually tried.

The conclusions of the Circuit Judge as to the striking of certain allegations in the counterclaim of the Gulf Refining Company are satisfactory to the Court.

The judgment of this Court is that the order refusing the motion of the defendant for a consolidation of the second suit at law with the first suit be reversed; in other respects affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.


ORDER ON PETITION FOR REHEARING

Per Curiam.

Upon consideration of the petition herein, it is ordered:

(1) That the following sentence in the opinion: "The contractors then abandoned the work, claiming that further performance had been prevented by the Gulf Refining Company," be deleted, and that the following sentence be substituted therefor: "The Gulf Refining Company claim that the contractors then abandoned the work; the contractors claim that further performance had been prevented by the Gulf Refining Company."

(2) That the following paragraph in the opinion: "The Gulf Refining Company then had the right to complete the work itself and charge the cost to the contractors in a settle-ment with them. As matters stood then the Gulf Refining Company had the right to sue the contractors for breach of contract and the contractors had the same right to sue the Gulf Refining Company, the issue in either case depending upon the respective claims of breach of contract," be deleted and that the following be substituted therefor: "The Gulf Refining Company contend that it then had the right to complete the work and charge the cost to the contractors in a settlement with them. If its contention be correct, as matters stood then the Gulf Refining Company had the right to sue the contractors for breach of contract and the contractors had the same right to sue the Gulf Refining Company, the issue in either case depending upon the respective claims of breach of contract."

With these corrections, the petition for rehearing is dismissed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.