### 13352

BISHOP *ET AL.* v. BISHOP

(162 S. E., 756)

494

*Messrs. Hicks & Johnston,* for appellant,

*Messrs. Williams & Henry,* for respondents,

February 23, 1932.

The opinion of the Court was delivered by CIRCUIT JUDGE S. W. G. SHIPP, ACTING ASSOCIATE JUSTICE.

It is necessary to make a brief statement of the facts in this case, in order to make a clear ruling on the law applicable to the facts. On December 7, 1930, the five plaintiffs were riding in a Nash coach on the public highway of Greenville County. Guy M. Hopkins, the owner of the Nash coach, was driving. Ross Stover was approaching from the opposite direction in a Chrysler roadster. The two cars collided,

and Stover was killed. The Nash coach, owned and driven by Guy M. Hopkins, was demolished. Guy M. Hopkins, the owner and driver of the Nash coach, suffered numerous physical and personal injuries, and each of his four passengers suffered numerous physical and personal injuries of different nature and in different degrees. B. Bishop was appointed administrator of the estate of Ross Stover, deceased. Each of the five occupants of the Nash coach brought a separate action against B. Bishop, as administrator of the estate of Ross Stover, deceased. The five summons and complaints were served upon B. Bishop, as administrator of the estate of Ross Stover, deceased. Five separate answers were filed. Five separate cases were docketed for trial.

When the first of the five separate cases came to trial before his Honor, Judge John S. Wilson, at the 1931 April term of the Court of Common Pleas for Greenville County, the attorneys for the five plaintiffs moved to consolidate the five cases and try them at the same time. Attorneys for the defendant objected, but were overruled, and Judge John S. Wilson issued an order consolidating the five cases, and the trial proceeded, and the five cases were consolidated and tried at the same time before one jury.

Case No. 1. *Guy M. Hopkins v. B. Bishop, as administrator of the estate of Ross Stover, deceased.* The demand was for $6,000.00 actual and punitive damages. The verdict in favor of plaintiff was for $600.00 actual and $400.00 punitive damages.

Case No. 2. *Mrs. Guy M. Hopkins, by Her Guardian ad Litem, Guy M. Hopkins v. B. Bishop, as administrator of the estate of Ross Stover, deceased.* The demand was for $2,500.00 actual and punitive damages. The verdict in favor of plaintiff was for no actual and $500.00 punitive damages.

Case No. 3. *Lois Hart v. B. Bishop, as administrator of the estate of Ross Stover, deceased.* The demand was for $1,000.00 actual and punitive damages. The verdict in favor of plaintiff was for no actual and $50.00 punitive damages.

Case No. 4. *Hosea Bishop v. B. Bishop, as administrator of the estate of Ross Stover, deceased.* The demand was for $5,000.00 actual and punitive damages. The verdict in favor of plaintiff was for no actual and $50.00 punitive damages.

Case No. 5. *W. S. Bishop v. B. Bishop, as administrator of the estate of Ross Stover, deceased.* The demand was for $10,000.00 actual and punitive damages. The verdict in favor of plaintiff was for $150.00 actual and $4,850.00 punitive damages.

Ordinarily, the granting or refusing of motions to consolidate actions for trial must be left to the wise discretion of the trial Judge, but his exercise thereof will be disturbed, if it deprives a party of a substantial right, which he can show he is entitled to under the law. "Abuse of discretion," as used in this connection, merely means that the trial Judge committed an error of law in the circumstances. It has been shown time after time that the term "abuse of discretion" does not mean any reflection upon the presiding Judge, and it is a strict legal term to indicate that the appellate Court is simply of the opinion that there was a commission of an error of law in the circumstances. *Barrett v. Broad River Power Co.,* 146 S. C., 85, 143 S. E., 650.

Did the trial Judge in the exercise of his wise discretion deprive the defendant of a substantial right, which he can show he is entitled to under the law?

There is no statutory law clearly defining the classes of action which may be properly consolidated and clearly defining the classes of action which the adversary could be forced to consolidate. However, Code of Civil Procedure 1922, § 430, prescribes the causes of action which may be properly joined in the same complaint. There is a difference between the causes of action which may be properly joined in the same complaint and the classes of action which the adversary could be forced to consolidate. This difference is very clear in suits in equity. A very different rule would ap-

ply to consolidations of suits at law and to consolidation of suits in equity. A Court of equity has the power to adopt and mold its relief to the particular circumstances of each party litigant, however he may be related to the subject-matter of the litigation. The important inquiry in equity is with respect to the identity of the subject-matter involved. The aim is to bring in all the parties in interest, and suits will be consolidated without particular regard to the identity of parties. The identity of parties is not taken into consideration as much as the identity of the subject-matter involved. The important inquiry in actions at law is with respect to the rights of the individual parties involved. The aim is to see that no party is deprived of a substantial right which he can show he is entitled to under the law. The identity of the subject-matter is not taken into consideration as much as the substantial rights of the individual parties involved.

The rule is thus stated in Pomeroy's Remedies, § 231, quoted in *Hellams v. Switzer*, 24 S. C., 39; and cited in *Fant v. Brissey*, 143 S. C., 264, 141 S. E., 450: "Where a personal tort has been done to a number of individuals, but no joint interest has been suffered and no joint damages sustained in consequence thereof, the interest and right are necessarily several, and each of the injured must maintain a separate action for his own personal redress. In order that a joint action may be possible, there must be some prior bond of legal union between the persons injured, such as a partnership relation, of such nature that the tort interferes with it, and by virtue of that very interference produces a wrong and consequent damage common to all."

At Sections 184 and 189, it is said: "Persons jointly entitled, or having a joint legal interest in the property or other rights affected by a tort, must join in actions brought to recover damages therefor. On the other hand, when the interest and right and the damages are both several, each person who has suffered the wrong must sue separately."

In *Hellams v. Switzer,* 24 S. C., 39, the Court quotes with approval the following from the case of *Rhoads v. Booth,* 14 Iowa, 576: "The principle underlying is, that it is not the act, but the consequences, which are looked at. Thus, if two persons are injured by the same stroke, the act is one, but it is the consequences of that act, and not the act itself, which is redressed; and, therefore, the injury is several. There cannot be a joint action, because one does not share in the suffering of the other."

In *Griffin v. Southern R. Co.,* 65 S. C., 127, 43 S. E., 445, 447, the Court said: "When several persons are injured by the same wrongful act, their causes of action are separate and distinct." (Citing *Hellams v. Switzer,* 24 S. C., 39).

Code of Civil Procedure, 1922, § 430, classifying the various causes of action which may be united in the same complaint, contains this proviso: "But the causes of action, so united, must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated."

That the rights infringed and the injuries suffered by each of the five plaintiffs in the five cases at bar are several, and not joint, would not seem open to question. The five plaintiffs could not have joined their five causes of action in the same complaint, as their causes of action are separate, and do not, as required by Code of Civil Procedure, 1922, § 430, for uniting causes of action in the same complaint, "affect all the parties to the action." *Ryder et al. v. Jefferson Hotel Co.,* 121 S. C., 72, 113 S. E., 474, 25 A. L. R., 739.

In actions at law, there can be no consolidation of independent actions where the parties are not the same, though a different rule prevails in cases involving equitable jurisdiction. *Farmers' & Merchants' National Bank of Lake City, v. Foster et al.,* 132 S. C., 410, 129 S. E., 629; *Barrett v. Broad River Power Co., supra.*

In our opinion, the five cases should have been tried separately before different juries. We are of the opinion that the presiding Judge of the Circuit Court in the exercise of his wise discretion committed an error of law in consolidating the five cases, as it deprived the defendant of a substantial right, which he is entitled to under the law.

The orders of the Circuit Court consolidating the five cases are reversed, and the cases remanded for new trials.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.