13697

SONS *ET AL.* v. FEDERAL LAND BANK OF COLUMBIA *ET AL.*

(171 S. E., 35)

*Messrs. Efird & Carroll, Frank P. McGowan* and *Harry D. Reed,* for appellant,

*Messrs. Martin & Sturkie,* for respondents,

October 9, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

Six separate actions were instituted, in the Court of Common Pleas for Lexington County, against The Federal Land Bank and its codefendant, Josephus Nichols. The several plaintiffs are Lott Sons, Lillie Taylor, Bessie Taylor, Capers Burnett, John S. Ricard, and George W. Ricard. In each case the complaint alleged that the defendants had negligently, willfully and wantonly desecrated a graveyard, or cemetery, the same in each instance, in which one or more of the relatives of the plaintiff had been buried, and damages on that account were demanded.

The defendant The Federal Land Bank of Columbia moved before his Honor, Circuit Judge Ramage, for an order consolidating all of the six cases for trial. At the hearing of that motion, the attorneys for the several plaintiffs offered to consolidate and try as one action the cases of Lillie Taylor, Bessie Taylor and Capers Burnett; and to consolidate and try as one action the cases of John S. Ricard and George W. Ricard. The case of Lott Sons, under the offer, was to be tried alone. The Circuit Judge held that the offer of the plaintiffs' attorneys was reasonable and proper, and ordered the consolidation as proposed by those attorneys. From his order, The Federal Land Bank has appealed.

In all six of the cases, the plaintiffs were represented by the same attorneys, and the complaints in each case are substantially identical, with the exception of the claim in each complaint that the plaintiff in that action had been hurt and damaged by the desecration of the grave or graves of one or more of the relatives of the plaintiff. It does not appear from the record that there is any relationship between the several plaintiffs, or that any one of the complaints alleges the desecration of the grave or graves referred to in any other complaint.

The first and second exceptions are based upon the primary assumption of facts that the cause of action stated in each complaint is the same, and that all six complaints state only one cause of action. With that assumption we are unable to agree.

We are not confronted here with a suit in equity, in which injunctive relief is sought, as was the situation in the cases of *Ex parte McCall*, 68 S. C., 489, 47 S. E., 974, and *Kelly v. Tiner*, 91 S. C., 41, 74 S. E., 30, for all the cases now before the Court state an action in tort, and the separate plaintiffs seek to recover damages for the desecration of the grave of some relative.

We are not called upon either to decide the question as to whether or not several relatives have separate causes of action in tort to recover damages on account of the disturbing of a grave, which marks the resting place of a relative of all of the claimants; for, as has been pointed out, there is nothing in the record to show that any one of the plaintiffs alleges damages by reason of the desecration of a grave referred to in any other complaint.

Those two questions are not now before us, and we make no attempt to decide them.

The question presented by the first and second exceptions, when reduced to its last analysis, seems to be this: If a graveyard is desecrated by the same act, is there only one cause of action in which all the relatives and friends of the dead, who rest there, are required to join? For, if the assumption of appellant that the six causes of action involved here state only one cause of action, when there is no claim that the actions relate to the same particular grave or graves, then it must necessarily follow that there is only one cause of action growing out of the desecration of all of the graves in the same cemetery by the same act of the same defendant.

The appellant concedes that, under the common-law practice, a consolidation of actions at law was not permitted, but it contends that this rule has been changed by our Code, and it cites Section 487, and cases that have been decided thereunder, the most recent of which are *Barrett v. Broad River Power Company*, 146 S. C., 85, 143 S. E., 650, and *Byrd v. State Highway Department*, 159 S. C., 181, 156 S. E., 454. Section 487, as to "What Causes of Action May be Joined," provides: "But the causes of

action, so united, must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, *must affect all the parties to the action.* * * * " (Italics ours.)

The *Barrett* and *Byrd cases* are easily distinguishable from the cases at bar. In the former, the plaintiff and the defendant in each of the actions, which the Court held should have been consolidated, was the same. In the cases before us, the plaintiffs are different persons. In the *Byrd case,* Mr. Justice Stabler called particular attention to the fact that the four actions, directed by this Court to be consolidated, not only grew out of the same acts of alleged negligence, were pending in the same Court, and involved substantially the same defense, but were "between the same parties." Exactly the same situation existed in the *Barrett case.*

In construing Section 487, this Court held, in the case of *Bennett v. Spartanburg Railway, Gas & Electric Company,* 97 S. C., 27, 81 S. E., 189, that an administrator could not join in the same complaint an action for wrongful death with a cause of action for the suffering of the deceased, during the period of time that he was injured and his resulting death, upon the ground that those two causes of action did not meet the requirement of the statute, which is quoted above, that the causes of action so united "must affect all the parties to the action." And the Court pointed out that, while the plaintiff was nominally the same in both causes of action, his relation to, and interest in, each action was entirely separate and distinct.

An assumption that the facts and the witnesses in each case will be the same is not the test of the right of joinder. In the case of *Ryder v. Jefferson Hotel Company,* 121 S. C., 72; 113 S. E., 474; 25 A. L. R., 739, it was held that a complaint brought by husband and wife, for being wrongfully ejected from a room in a hotel, was not a single cause of action, and each party plaintiff would have to pursue his or her remedies separately. See, also, *Piper v. American*

*Fidelity & Casualty Company et al.,* 157 S. C., 106, 154 S. E., 106.

Appellant also cites Sections 403, 404 and 406 of the Code, as to who may be made parties plaintiff and defendant in any one action. Therefore we revert to the question which, under our view, is the only question presented by exceptions 1 and 2, Do the six causes of action stated here make only one cause of action? It is not a question of joining several causes of action, or the requiring the consolidation of six causes of action which could have been voluntarily joined, but have the plaintiffs attempted to take one action under the law and split it into six actions?

In the case of *Ryder v. Jefferson Hotel Company, supra,* this Court adopted the rule as stated by Judge Pomeroy in his work on Code Remedies, as follows: "When a tort of a personal nature, as assault and battery, a false imprisonment, a libel, a slander, a malicious prosecution, or the like, is committed upon two or more, the right of action must, except in a very few special cases, be several. In order that a joint action may be possible, there must be some prior bond of legal union between the persons injured—such as partnership relation—of such a nature that the tort interferes with it, *and by virtue of that very interference* produces a wrong and consequent damage common to all. It is not every prior existing legal relation between the parties that will impress a joint character upon the injury and damage. Thus, if a husband and wife be libeled, or slandered, or beaten, although there is a close legal relation between the parties, it is not one which can be affected by such a wrong, and no joint cause of action will arise. The doctrine above stated has been fully recognized and asserted by the Courts since the Codes were enacted."

We do not think the cases here come within the declared rule. There is nothing more personal than the memories and reverence which individuals have for those members of the family who have departed, and the sacredness of their places of rest. That these high sentiments greatly vary in dif-

ferent individuals there can be no question. Many people who have lived, and many people now living, have borne testimony to these varying sentiments by the manner in which they have cared for the graves of their loved ones. Mr. Justice Cothran, in picturing a case which he considered an example of a graveyard which had failed to keep alive any of these noble sentiments, said: "It may appropriately have been called 'God's Acre,' for He alone had visited it and hidden with undergrowth the human shame of neglect."

Accordingly, this Court has held that a man may " * * * abandon his right to damages, for the negligent or willful invasion of what should be a hallowed spot," where the circumstances justify such a conclusion, and in a proper case it is a matter for the jury to decide. *Frost v. Columbia Clay Company et al.,* 130 S. C., 72, 124 S. E., 767.

Exceptions 1 and 2, therefore, are overruled.

Exception 3 is as follows: "His Honor, Judge Ramage, erred in refusing to consolidate the six separate actions into one action and in providing that they be tried in three separate groups, in that the defendants, in any event, are entitled to percission to try together at one time all the six actions for the reason that the trial of them separately or in three separate groups will necessitate the examination of practically the same witnesses at each trial, involving the same facts alleged in all six actions to have been committed by the defendants at the same time and involving elements of one and the same general damage caused thereby, requiring the same preparation for trial of each case or group of cases —all of which will result in harassing the defendants by a multiplicity of suits growing out of the same transactions and will cause the defendants to incur great expense of time and money for trial of the six actions separately or in groups."

As we have endeavored to point out, there is no provision in our law which would have permitted the plaintiffs to have properly joined these actions, had proper objection to that course been made, and it necessarily follows that, if the

plaintiffs could not have joined these actions in one cause of action, the Courts are powerless to repuire them to do so. In numerous cases, it seems that it would be to the advantage of party litigants, or some of them, that several cases be disposed of in one trial in the interest of avoiding a multiplicity of suits, with the resulting advantages to the public in the matter of economy and other objects equally as desirable in the administration of justice. But the lawmaking body which alone has the power to change the established principles of practice, has not seen fit to so provide, and perhaps with good reason.

The appeal, in our opinion, does not present the matter of the wrongful exercise of the discretion committed to the Circuit Judge oftentimes in deciding on consolidation of causes, as was very much the case in *Barrett v. Broad River Power Company, supra*—the questions are strictly legal ones.

The order appealed from is affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.