14445

## SHULER v. SWIFT & COMPANY
### (2 Cases)

(190 S. E., 447)

June, 1936.

*Messrs. A. J. Hydrick* and *W. B. Martin,* for appellants,

*Messrs. W. C. Wolfe* and *Robinson & Robinson,* for respondent,

March 3, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

Two separate actions were instituted by Jesse A. Shuler, and by his wife, Dessie L. Shuler, against the defendant, Swift & Co., for damages, growing out of the alleged actions and conduct of an employee of the defendant. The cases were separately docketed for trial by jury in the Court of Common Pleas for Orangeburg County.

It appears from the record that Jesse A. Shuler operates a retail grocery store at Elloree, in Orangeburg County, and that Dessie L. Shuler, his wife, assists him in the conduct of this mercantile business. On September 18, 1935, the de-

fendant, pursuant to an order previously given, delivered to Mrs. Shuler, her husband being absent from the store, the butter and sausage specified in the order, and left with her a copy of the invoice covering the items. Upon such delivery being made, Mrs. Shuler gave to the defendant's employee a check for $3.06, payable to the defendant, which covered the amount of the invoice, and he thereupon left the store. Within a few minutes he returned, and told Mrs. Shuler that he had discovered that the invoice was marked "Cash," and that he must receive payment in cash. There is a conflict in the testimony as to what then occurred, Mrs. Shuler testifying that the butter and the sausage had been placed by her in the refrigerator; that it was taken therefrom by force by the employee, and that in so doing he put his hand upon her person and pushed her away from the refrigerator; and the employee testifying that the articles were still on the counter, and that he took them with the consent of Mrs. Shuler. Both of these actions resulted from, and are based upon, the alleged conduct of the defendant's agent in repossessing the butter and the sausage.

When the case of Dessie L. Shuler was reached for trial, at the June, 1936, term of the Court of Common Pleas for Orangeburg County, counsel for the defendant made a motion that it be consolidated with the case of Jesse A. Shuler, which immediately followed it upon the calendar, and that they be tried together. Counsel for the two plaintiffs objected. After hearing arguments the Court granted the motion, and ordered the two cases consolidated. They were thereupon tried together, and resulted in a directed verdict by the Court in favor of the defendant, although the trial Judge thereafter stated that he would permit the plaintiff Dessie L. Shuler to take a voluntary nonsuit if her counsel chose to do so

The appeal here is from the order of consolidation. Appellants contend that it was error for the Court to consolidate the two cases, in that each of the plaintiffs was deprived of

a separate trial of their separate and distinct tort actions at law, a right guaranteed under the law. There are other exceptions, but a decision upon the issue stated will in our opinion determine the appeal.

It is claimed by the respondent that there was no formal consolidation of the two cases, but that they were merely ordered tried together. In its brief the respondent concedes that in actions at law there can be no technical consolidation unless the parties are identical. But it is argued that frequently cases with different plaintiffs, against a common defendant, are tried together without a formal consolidation. While it is true that this method of trial has often been followed in our practice, yet it has been pursued only with the consent of the parties. In such cases no enforced consolidation has been allowed.

The Court in recent years has frequently had occasion to pass upon the issue presented by this appeal, with reference to the propriety under our law, of consolidating actions at law; and by a long unbroken line of decisions, beginning with *Hellams v. Switzer*, 24 S. C., 39, 45, has held that there can be no consolidation of independent actions at law, where the parties are not the same, though a different rule prevails in cases involving equitable jurisdiction. *Farmers' & Merchants' National Bank of Lake City v. Foster et al.*, 132 S. C., 410, 129 S. E., 629; *Byrd v. State Highway Department*, 159 S. C., 181, 156 S. E., 454; *Sons et al. v. Federal Land Bank of Columbia et al.*, 170 S. C., 548, 171 S. E., 35, 36; *Griffin v. Southern R. Co.*, 65 S. C., 122, 43 S. E., 445; *Black v. Simpson*, 94 S. C., 312, 77 S. E., 1023, 46 L. R. A. (N. S.), 137; *Bennett v. Spartanburg Railway, Gas & Electric Co.*, 97 S. C., 27, 81 S. E., 189; *Ryder v. Jefferson Hotel*, 121 S. C., 72, 113 S. E., 474, 25 A. L. R., 739; *Fant v. Brissey*, 143 S. C., 264, 141 S. E., 450; *Bishop v. Bishop*, 164 S. C., 493, 162 S. E., 756.

The right to consolidate for trial separate actions by five persons suing the same defendant for varying amounts of damages suffered as the result of injuries received in the same automobile accident was denied in *Bishop v. Bishop, supra,* where, reversing an order for consolidation and remanding the cases for new trials, the Court held that in actions at law there can be no consolidation of independent actions where the parties are not the same. The Court pointed out that, under a statute (Section 487, 1932 Code), providing that causes of action which may be united in the same complaint must all belong to one class, except in actions for the foreclosure of mortgages, and must affect all the parties to the action, the plaintiffs could not have joined their five causes of action in the same complaint, as their causes of action were separate.

In the well-considered case of *Sons et al. v. Federal Land Bank of Columbia, supra,* former Chief Justice Blease, speaking for the Court, went into this question very fully. It is there said:

"The appellant concedes that, under the common-law practice, a consolidation of actions at law was not permitted, but it contends that this rule has been changed by our Code, and it cites Section 487, and cases that have been decided thereunder, the most recent of which are *Barrett v. Broad River Power Company,* 146 S. C., 85, 143 S. E., 650, and *Byrd v. State Highway Department,* 159 S. C., 181, 156 S. E., 454. Section 487, as to 'What Causes of Action May Be Joined,' provides: 'But the causes of action, so united, must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action.' * * *

"The *Barrett* and *Byrd cases* are easily distinguishable from the cases at bar. In the former, the plaintiff and the defendant in each of the actions, which the Court held should have been consolidated, was the same. In the cases before us, the plaintiffs are different persons. In the *Byrd*

*case,* Mr. Justice Stabler called particular attention to the fact that the four actions, directed by this Court to be consolidated, not only grew out of the same acts of alleged negligence, were pending in the same Court, and involved substantially the same defense, but were 'between the same' parties.' Exactly the same situation existed in the *Barrett case.*

"In construing Section 487, this Court held, in the case of *Bennett v. Spartanburg Railway, Gas & Electric Company,* 97 S. C., 27, 81 S. E., 189, that an administrator could not join in the same complaint an action for wrongful death with a cause of action for the suffering of the deceased, during the period of time that he was injured and his resulting death, upon the ground that those two causes of action did not meet the requirement of the statute which is quoted above, that the causes of action so united 'must affect all the parties to the action.' And the Court pointed out that, while the plaintiff was nominally the same in both causes of action, his relation to, and interest in, each action was entirely separate and distinct.

"An assumption that the facts and the witnesses in each case will be the same is not the test of the right of joinder. In the case of *Ryder v. Jefferson Hotel Company,* 121 S. C., 72, 113 S. E., 474, 25 A. L. R., 739, it was held that a complaint brought by husband and wife, for being wrongfully ejected from a room in a hotel, was not a single cause of action, and each party plaintiff would have to pursue his or her remedies separately. See, also *Piper v. American Fidelity & Casualty Company et al.,* 157 S. C., 106, 154 S. E., 106."

Also see, for a full discussion of the same point, *Ford v. N. Y. Life Insurance Company,* 176 S. C., 186, 180 S. E., 37, and the report of the same case, on the second appeal, in *Id.,* 180 S. C., 390, 185 S. E., 914.

The respondent has petitioned the Court to review the decisions in *Sons et al. v. Federal Land Bank of Columbia,*

*supra,* and *Bishop v. Bishop, supra,* with a view to limiting the effect of these decisions to the particular facts before the Court in each of those cases. It is obvious, however, that in order to sustain the order of consolidation made in the two cases at bar, the Court would have to reverse the rule announced and consistently followed in the numerous cases which we have herein referred to. This we are not disposed to do. It is not to be presumed that there are not cases, from other jurisdictions, which hold to the contrary. Cases so holding may be found in the annotation following the report of the case of *Ex Parte Jack E. Ashton,* 104 A. L. R., 54. A review of many of these cases, however, will show that they are based upon special statutory enactments authorizing consolidation, which statutes differ materially from Section 487 in our 1932 Code. Former Chief Justice Blease, with this in mind, no doubt, had this to say in *Sons et al. v. Federal Land Bank of Columbia, supra:*

"As we have endeavored to point out, there is no provision in our law which would have permitted the plaintiffs to have properly joined these actions, had proper objection to that course been made, and it necessarily follows that, if the plaintiffs could not have joined these actions in one cause of action, the Courts are powerless to require them to do so. In numerous cases, it seems that it would be to the advantage of party litigants, or some of them, that several cases be disposed of in one trial in the interest of avoiding a multiplicity of suits, with the resulting advantages to the public in the matter of economy and other objects equally as desirable in the administration of justice. But the law-making body, which alone has the power to change the established principles of practice, has not seen fit to so provide, and perhaps with good reason."

We appreciate the fact that in consolidating these two cases, the able trial Judge was actuated by the highly commendable purpose of avoiding a multiplicity of suits, and in expediting the business of the Court,

but the prerequisite conditions looking toward consolidation were overlooked. Under the decisions of this Court, it was error to consolidate the two separate and independent actions. The order of consolidation deprived the plaintiffs of a substantial right which they are entitled to under the law.

The order of the Circuit Court consolidating the two cases at bar is reversed, and the cases remanded for new trial, separately.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.