16292

BINSWANGER & CO. v. GREEN

(56 S. E. (2d) 749)

*Messrs. Belser & Belser and Irvine F. Belser,* of Colum-
bia, *for Appellant,*

*Mr. Frank A. Graham, Jr.,* of Columbia, *for Respondent,*

*Messrs. Belser & Belser and Irvine F. Belser,* of Columbia, *for Appellant, in reply.*

December 12, 1949.

FISHBURNE, Justice.

On February 17, 1948, the respondent, Binswanger & Company, Inc., instituted an action against Henry D. Green, individually, on an account for certain merchandise alleged to have been purchased at various times from September 26, 1946 through and including January 28, 1947, in a total amount of $1,872.24. Judgment was sought for a balance alleged to be due of $250.00.

A supplemental complaint was served May 14, 1948, and after answer duly served by the defendant, the case came on to be heard on November 15, 1948, and resulted in a mistrial.

On May 22, 1948, while the foregoing action was pending in the Richland County Court, the plaintiff, Binswanger & Company, Inc., brought an action against Jos. B. Waites and Henry D. Green, individually and as a partnership doing business under the firm name and style of Waites & Green Supply Company, on an open account for merchandise purchased on various dates between October 24, 1946 and March

3, 1947, in the total amount of $3,465.27, on which a balance of $956.88 was claimed to be due.

To the complaint in this second action, the defendant, Henry D. Green, filed his answer, together with a counterclaim. His co-defendant, Jos. B. Waites, likewise served an answer, signed by himself only; he was not represented by an attorney. Following the service of these pleadings, the plaintiff filed a demurrer, and a reply to the answer and counterclaim of the defendant, Henry D. Green.

On February 9, 1949, Green made a motion to be allowed to make certain amendments to the answer and counterclaim filed by him, and also to consolidate the latter case with the case of *Binswanger & Company, Inc., v. Henry D. Green.*

The motion was duly heard by the Judge of the Richland County Court, as a result of which an order was passed allowing the amendments, but refusing the motion for consolidation. From the order refusing consolidation, Henry D. Green prosecutes this appeal.

The appellant's primary position is that these two actions are essentially between the same parties,—that is, between Binswanger & Company, Inc. and Henry D. Green; that they both arise out of contract, and should have been consolidated in the interest of the parties and of the public, in order to save expense.

It is argued by appellant that both actions are based upon an account for goods and merchandise sold; that the real issues involved are substantially the same in both cases, and, in effect, solely against the appellant, Henry D. Green. The contention is made that as between the respondent, Binswanger & Company, Inc., and Waites, the co-defendant in the second suit, there is in reality no issue involved; and that the respondent is fairly entitled upon the pleadings to a judgment against Waites as a member of the copartnership of Waites & Green Supply Company.

The pleadings filed by the parties do not, however, in our opinion, sustain the contention. In its complaint in the second

action above referred to, which was brought against the partnership, the respondent alleged, in Paragraph 2: "That Jos. B. Waites and Henry D. Green, a partnership doing business under the firm name and style of Waites & Green Supply Company, on information and belief, is no longer in existence, same having been terminated and all of the assets of said business having been delivered to the defendant, Henry D. Green, of the city of Columbia, County and State aforesaid."

Answering this paragraph, the appellant Green admitted that the partnership referred to therein is no longer in active business, but denied the remaining allegations of the paragraph,—that is, that all of the assets of the partnership had been delivered to him. His co-defendant. Waites, admitted the allegations of Paragraph 2 of the complaint quoted above, and further set forth as an affirmative defense, that "the defendant partnership was dissolved on or about May or June, 1947, and that in the dissolution of said partnership the Defendant, Henry D. Green, acquired, took over and assumed all of the assets and liabilities of said partnership." He further specifically denied that he was individually liable to the respondent for the payment of the balance of the amount alleged to be due; and prayed that the complaint be dismissed as to him.

The general rule applied in ordering consolidations of causes at law is that the different actions shall be pending in the same court, at the same time, between the same parties, and involving substantially the same subject matter, issues and defenses. Such is the holding in this jurisdiction in actions at law. *Kennedy v. Empire State Underwriters of Watertown, N. Y.*, 202 S. C. 38, 24 S. E. (2d) 78; *Shuler v. Swift & Co.*, 183 S. C. 140, 190 S. E. 447; *Bishop v. Bishop*, 164 S. C. 493, 162 S. E. 756; *Farmers' & Merchants' Nat. Bank v. Foster*, 132 S. C. 410, 129 S. E. 629.

It is apparent that under the provisions of Section 487 of the Code, which authorizes the uniting in the same complaint of several causes of action arising out of contract, that the two actions on account brought by the respondent, Binswanger & Company, Inc., could not have been joined originally in the same complaint. Obviously, they were different actions, and the parties were not the same. Nor do we think that the legal situation has been changed by reason of the pleadings filed in the second action brought against the partnership of Waites & Green Supply Company.

The effect of the decisions of this court, which we have cited, is that consolidation of different pending actions in the same court should not be granted when the result thereof is to bring about a complication of issues of fact, embarrassment or delay in the trial; difficulty to the parties, the jury, and the court to present or apply the law to the several tendencies of the evidence; or result in prejudice to the rights of the parties.

The record shows that there now awaits to be heard and decided the demurrer filed by the respondent to the answer and counterclaim of the appellant, Henry D. Green, in the action brought against the partnership of Waites & Green Supply Company. And in that same action there are issues joined between the two copartners, Waites and Green, with reference to the assets and liabilities of the partnership, with which the plaintiff has no concern. Nor can it be soundly asserted that the parties to these two actions are the same. In the first case brought by the respondent, Binswanger & Company, Inc., the appellant, Henry D. Green, is the sole defendant. In the second case brought by the respondent, on a separate account, the defendants, Waites and Green, are sued individually and as a partnership.

In our opinion, the trial court exercised a sound discretion in refusing the consolidation.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.