R. A. McKINNEY, Respondent, v. GREENVILLE ICE AND FUEL COMPANY, Appellant, and Katherine E. Wuchte, Respondent, Katherine E. WUCHTE, Respondent, v. GREENVILLE ICE AND FUEL COMPANY, Appellant

(101 S. E. (2d) 659)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann, Price & Poag,* and *Sol Abrams,* all of Greenville, *for Respondents,*

January 15, 1958.

LEGGE, Associate Justice.

On February 21, 1957, Mrs. Katherine E. Wuchte and Mr. R. A. McKinney were injured when her automobile, which she was driving and in which he was riding, left the highway and crashed into a tree. On March 6, 1957, she sued Greenville Ice and Fuel Company, alleging that the accident and resulting injury to her person and damage to her automobile had been caused by the negligent and reckless operation of one of its trucks, whereby she had been forced to drive her automobile off the highway in order to avoid collision with it. On April 30, 1957, Mr. McKinney sued both Mrs. Wuchte and Greenville Ice and Fuel Company, alleging that his injuries had resulted from their concurrent negligent and reckless acts. Greenville Ice and Fuel Company, having answered in both cases, moved to consolidate them; and this appeal is from the order of the Honorable J. Davis Kerr, Special Judge, denying that motion.

In *Kennedy v. Empire State Underwriters of Watertown, N. Y.,* 202 S. C. 38, 24 S. E. (2d) 78, we pointed out the distinction between true consolidation

of cases and their trial together for convenience, to wit: that in true consolidation the several actions are combined into one, losing their separate identity and becoming a single action in which a single judgment is rendered; whereas if they are simply tried together for convenience or, as it is sometimes said, "consolidated for trial", they do not merge into one, but each remains separate in all procedural matters other than the joint trial.

Only where the parties are identical and the causes of action such as may have been united in the same complaint under Section 10-701 of the 1952 Code may the court, in its discretion, order consolidation over objection of either party. *Ford v. New York Life Insurance Co.,* 176 S. C. 186, 180 S. E. 37, *Id.,* 180 S. C. 390, 185 S. E. 914; *Shuler v. Swift & Co.,* 183 S. C. 140, 190 S. E. 447; *Binswanger & Co. v. Green,* 216 S. C. 108, 56 S. E. (2d) 749.

Where the parties are not the same, several cases may, by their consent, but not otherwise, be tried together for convenience. *Bishop v. Bishop,* 164 S. C. 493, 162 S. E. 756; *Ford v. New York Life Insurance Co.,* 180 S. C. 390, 185 S. E. 914; *Kennedy v. Empire State Underwriters of Watertown, N. Y., supra; Shuler v. Swift & Co., supra.*

"Where a personal tort has been done to a number of individuals, but no joint injury has been suffered and no joint damages sustained in consequence thereof, the interest and right are necessarily several, and each of the injured parties must maintain a separate action for his own personal redress". Pomeroy, Code Remedies, 4th Ed., Section 148.

Mrs. Wuchte's cause of action and that of Mr. McKinney, although arising from the same alleged tortious act, are separate, not joint. They could not have been joined in the same complaint under Section 10-701. Cf. *Ryder v. Jefferson Hotel Company,* 121 S. C. 72, 113 S. E. 474, 25 A. L. R. 739.

Appellant contends, however, that under Section 10-707 of the Code Mrs. Wuchte could have set up her cause of action against it as a counterclaim or cross-action in the action by McKinney, and that that statute gives to it the right now to require consolidation of the two cases. The pertinent portion of Section 10-707 reads as follows:

"Whenever a defendant in an action at law shall have a cause of action against a codefendant therein which arose from the same transaction, act, negligence or wrong set forth in plaintiff's complaint, such defendant is hereby permitted to set forth such cause of action demanding relief in his answer, along with such defense as he may have to plaintiff's cause of action, and serve such answer upon such co-defendant against whom the relief is demanded * * *."

The statute is clearly inapplicable here. Appellant is not seeking to set up a cause of action against either plaintiff, nor does it suggest that it has a cause of action against either.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.