<hr />

*20249*

David AYERS et al., Appellants, v. COLUMBIA NEWSPAPERS, INC., Respondent.

(226 S. E. (2d) 252)

104

*Messrs. Williams and Williams,* of Columbia, *for Appellants,*

*Messrs. Robinson, McFadden, Moore & Pope,* of Columbia, *for Respondent,*

June 23, 1976.

LITTLEJOHN, Justice:

The forty plaintiffs in this action are guards and employees of the Richland County Detention Center. In an article published in *The State* newspaper on April 24, 1975, reference was made to these individuals, not by name, but as a group, in a manner alleged to be defamatory. They have brought one complaint against the defendant newspaper, alleging that they have been libeled.

The defendant demurred on the ground ". . . that it appears on the face of the Complaint that several causes of action have been improperly united . . . ." The demurrer was sustained by the Honorable John Grimball, Judge of the Fifth Judicial Circuit. We are of the opinion that his order sets forth and properly disposes of the issue submitted to this Court. Let his order be printed herewith as the directive of this Court.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.

## ORDER OF JUDGE GRIMBALL

This matter is before me on a Demurrer by the defendant to the Complaint of the plaintiffs. The sole ground of the Demurrer is that several causes of action have been improperly united in the same Complaint for the reason that the several causes of action alleged in the Complaint do not affect all the parties to the action.

Forty individuals are listed as plaintiffs in this action. It is alleged in the Complaint that these forty plaintiffs are employed at the Richland County Dentention Center and that they have been defamed by reason of a story published in the defendant's newspaper.

Section 10-701 of the Code of Laws of South Carolina permits the joinder of several causes of action in a single Complaint where the causes of action arise out of injuries to character, provided each cause of action so united affects

all of the parties to the action. The question for the court in this case is to determine if all of the plaintiffs are affected by the various causes of action alleged. Since each party would necessarily be affected differently, if at all, by the publication alleged in the Complaint, the legal relief of each person, if any, is likewise several. The decision of the South Carolina Supreme Court in the case of *Ryder v. Jefferson Hotel Co.*, 121 S. C. 72, 113 S. E. 474, is decisive on the issues presented on this Demurrer. In that case, the Court held as follows:

"When a tort of a personal nature, as assault and battery, a false imprisonment, a libel, a slander, a malicious prosecution, or the like, is committed upon two or more, the right of action must, except in a very few special cases, be several. In order that a joint action may be possible there must be some prior bond of legal union between the persons injured —such as partnership relation—of such a nature that the tort interferes with it, and by virtue of that very interference produces a wrong and consequent damage common to all. It is not every prior existing legal relation between the parties that will impress a joint character upon the injury and damage. Thus, if a husband and wife be libeled, or slandered, or beaten, although there is a close legal relation between the parties, it is not one which can be affected by such a wrong, and no joint cause of action will arise. The doctrine above stated has been fully recognized and asserted by the courts since the Codes were enacted." p. 75, 113 S. E. p. 474.

The above proposition has been re-affirmed by the Supreme Court in several subsequent decisions. *Shuler v. Swift & Co.*, 183 S. C. 140, 190 S. E. 447; *Bishop v. Bishop*, 164 S. C. 493, 162 S. E. 756; *McKinney v. Greenville Ice & Fuel Co.*, 232 S. C. 257, 101 S. E. (2d) 659.

For the reason cited in the *Ryder* case, *supra*, the Demurrer of the defendant to the Complaint of these forty plaintiffs, must be sustained on the ground that it appears from

the face of the Complaint that several causes of action have been improperly united in the same Complaint in that the causes of action of the various plaintiffs do not affect all of the parties to the action. After hearing arguments on behalf of all parties, and for good cause shown; it is

*Ordered,* that the Demurrer of the defendant be and the same hereby is sustained and nothing herein should be construed as preventing the plaintiffs from filing separate Complaints, if they be so advised, not in conflict with this Order or any other rule or provision of law.

*It Is So Ordered.*