## BAKER v. IRVINE.

Costs.—On Appeal of three cases at law on one "Case" entitled in the three actions, the prevailing party may tax appeal costs for "case and exceptions" and "argument" in each case.

Before *Gage,* J., Greenville, April, 1902. Affirmed.

Three cases entitled J. A. Baker *v.* W. H. Irvine, W. C. Baker *v.* W. H. Irvine, J. A. Baker and W. C. Baker *v.* W. H. Irvine. From judgment for plaintiffs, defendant appeals.

*Messrs. Carey & McCullough, Adam C. Welburn* and *B. M. Shuman,* for appellant.

*Messrs. Carey & McCullough* cite: 5 Ency. P. & P., 138, 139; 67 Wis., 16; Act 1901; 10 S. C., 40; 37 S. C., 605.

*Messrs. Blythe & Blythe,* contra, cite: 4 Ency. P. & P., 681, 677; 2 N. & McC., 440; 37 S. C., 605; 1 N. & McC., 418; 1 McC., 328; 10 Rich., 142; 56 S. C., 411.

August 11, 1902. The opinion of the Court was delivered by

Mr. Justice Jones. The defendant in the three above

entitled actions appeals from the taxation of costs as allowed by the Circuit Court. The clerk of the Court had taxed one set of Supreme Court costs for the three cases, viz: $10 for making and serving a case containing exceptions and $25 for argument in the Supreme Court, which action was reversed by the Circuit Court, Hon. Geo. W. Gage, presiding, who held that costs for said items should be taxed in full for plaintiff in each case. Appellant contends that only one set of costs for the three cases should be allowed, inasmuch as only one case containing exceptions was in fact served and only one argument in fact made in the Supreme Court, the cases being heard together and the papers entitled as above.

These being cases at law, the right of costs must follow the result, and neither the Circuit Court nor this Court is at liberty to do otherwise than enforce the strict legal right of the prevailing party, without regard to any real or supposed hardship. The costs allowed were in conformity with the statute. The Circuit Court held as a matter of fact that the three cases were never consolidated, and in law could not have been consolidated, and that separate judgments were rendered in each case by the magistrate, by the Circuit Court, and by the Supreme Court, 62 S. C., 293. This being so, the fact that for sake of convenience the cases were heard together and the papers were entitled as above, would not constitute the three cases one in fact. Each case being separate and distinct, the "case with exceptions" and the "argument" must be treated as made in each case. *Bogan* v. *Sprott,* 37 S. C., 605, 16 S. E. R., 35.

The judgment of the Circuit Court is affirmed.