14303

FORD v. NEW YORK LIFE INSURANCE COMPANY

(185 S. E., 914)

January, 1936.

*Messrs. Osborne & Butler,* for appellant,

*Messrs. Hart & Moss,* for respondents,

June 2, 1936.

The opinion of the Court was delivered by Mr. Justice Fishburne.

On May 10, 1933, respondent herein, John M. Ford, instituted two actions in the Common Pleas Court for York County against appellant. One action was for the recovery of monthly installments of total and permanent disability benefits and the recovery of premiums paid on a certain policy issued by appellant to respondent, numbered 8070544. The other action was for the recovery of similar benefits under a policy issued by the appellant to respondent, numbered 8070543. Each policy was in the face amount of $2,-000.00, and they were identical as to terms, provisions, premiums, date of issue, and in all other respects, except the number. The complaints in the two actions were identical, except in reference to the numbers of the respective policies, and made appropriate allegations for the recovery of judgment under the provisions commonly known as total and permanent disability provisions. The defendant answered in each case; each answer being in the form of general denial of the material allegations, although admitting the issuance and existence of the two policies. Both answers were identical.

Upon the call of the cases for trial, on April 25, 1934, before Hon. P. H. Stoll, presiding Judge, and a jury, the cases were consolidated by the presiding Judge, upon mo-

tion of the respondent and over the objection of the appellant. The motion was granted, as stated in the order, in order to save the county expense.

The two cases were then tried together under the order of consolidation, and resulted in separate verdicts against the appellant for the amount sued for, which were indorsed on each summons. On these verdicts judgments were duly entered. From the adverse judgments the appellant appealed to this Court, and the judgment of the lower Court was affirmed, *Ford v. New York Life Insurance Company,* 176 S. C., 186, 196, 180 S. E., 37, 39; the Court holding, among other things, that the two actions had been properly consolidated for trial. The appeal was heard on one transcript and on one set of briefs.

When the remittitur was sent down from this Court to the Clerk of the Court of Common Pleas for York County, respondent's attorneys proceeded to tax the costs on appeal against the appellant, and, amongst other items so attempted to be taxed, were two items of $25.00 each for respondent's attorneys for argument in the Supreme Court. The appellant took exception to the taxation of more than one fee for attorney's argument, and, the respondent insisting upon his right to the taxation of two such items, the matter was by consent submitted to Hon. A. L. Gaston, resident Circuit Judge, who thereafter filed his order allowing the taxation of two fees for argument in the Supreme Court and overruling the appellant's contention that only one such item was properly taxable.

The appeal to this Court is upon three exceptions. They all relate to the same issue, and it will not be necessary to discuss them separately.

The appellant contends that, when the two actions were consolidated upon motion of the plaintiff, they thereupon became one action, just as if they had been originally joined in one complaint at the outset by statement in separate causes of action.

This is the major premise of the appellant, and, if it be admitted, as it must be, then it logically follows that the exceptions of the appellant must be sustained.

It is clear, from an examination of several decisions of this Court, which will be discussed shortly, that there are three methods by which actions may be consolidated, if the requisite conditions exist, that is: (1) By inclusion in the same complaint at the outset; (2) upon motion to consolidate, made by the defendant; (3) upon motion of the plaintiff to consolidate actions originally separately brought.

All three methods find their justification in the provisions of Section 487, 1932 Code, which in so far as it is applicable here, provides: "The plaintiff may unite, in the same complaint, several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of: * * * (2) Contract, express or implied."

These are actions at law, and may not be united unless they come within some one or more of the classes of actions designated as unitable by the provisions of Section 487. When united, regardless of which one of the three methods is adopted to secure consolidation, their joinder must be ascribed to the provisions of Section 487. Any order of consolidation, therefore, has the same effect as if the causes of action had originally been united in the same complaint at the election of the plaintiff. That the plaintiff, at his election, might have joined the two causes in one action at the outset is sustained by the authority of *Cline v. Southern Railway Company,* 110 S. C., 534, 96 S. E., 532, and *Ford v. New York Life Insurance Company, supra.* See, also, *Barrett v. Broad River Power Company,* 146 S. C., 85, 143 S. E., 650; *Byrd v. State Highway Department,* 159 S. C., 181, 156 S. E., 454.

In *Ford v. New York Life Insurance Company, supra,* it was held that "The trial judge properly consolidated the two

actions in this case for trial because they grew out of the same or like contracts, they are pending in the same court, between the same parties, and involve the same defenses, and both of them could have been united in one complaint, and hence the trial judge has not abused his discretion, but, on the contrary, has properly exercised such."

The Circuit Judge, in his order herein appealed from, also considered the issue presented on the premise that the two cases were *consolidated* by the order of Judge Stoll. Indeed, they could not have been tried together upon any other theory.

Since all the methods of consolidation under the previous decisions of this Court find their basis and justification in Section 487, it must be consistently held, as already stated, that whatever method is adopted to effect the consolidation, the result is the same as if the plaintiff had originally elected to unite several causes of action in the same complaint. Certainly, it would never be contended that a prevailing party in this Court would be entitled to double or triple appeal costs in a case where two or three causes of action had been united at the outset in the same complaint. No more should it be held that, where the same effect is legally produced in another manner on the authority of the same section of the Code, there is any right to multiple costs.

The force of this conclusion appears to be clearer when the decisions refusing the consolidation and those under which actions were tried together by consent or for convenience are considered.

In the case of *Bishop v. Bishop,* 164 S. C., 493, 162 S. E., 756, 757, there were several actions arising out of an automobile accident, brought by several plaintiffs against the same defendant; upon motions of the plaintiffs on circuit, opposed by the defendant, all of the cases were consolidated. This Court held that the trial Judge was in error in requiring a consolidation, because the rights of the several plaintiffs were several, and not joint, and that "the five plaintiffs could not have joined their five causes of action in

the same complaint, as their causes of action are separate, and do not, as required by Code of Civil Procedure, 1922, § 430 [now section 487], for uniting causes of action in the same complaint, 'affect all the parties to the action.' "

It is obvious that the question of whether or not a consolidation may be forced upon one or the other of the parties depends upon whether the causes of action could originally have been united in the same complaint under Section 487. This strengthens the view that the effect of the consolidation is the same as if the causes of action had originally been united in the same complaint.

In the case of *Bogan v. Sprott,* 37 S. C., 605, 16 S. E., 35, there were two plaintiffs, each of whom brought a separate action against the defendant. The causes were tried together and resulted in separate verdicts in favor of the two plaintiffs. Costs were allowed to each plaintiff. The defendant appealed from the order allowing separate costs. In our opinion, written by Mr. Justice McGowan, it is said: "It is true that the amounts involved in these cases were small, but there was no pretense of a joint interest. Each party owned his little account, and brought his own individual action for it. The cases were tried together *merely as a matter of convenience.* [Our italics.] The cases were not thereby consolidated, but still preserved their identity. Judge Wallace had no right to consolidate the two cases, and render one judgment for the aggregate amount of both, and, if he had done so, the judgment might have been set aside as illegal and void."

The distinction between that case and the case at bar is apparent, and is pointed out in the quotation. There was no identity of parties or of subject-matter, and the two actions could not have been united in the same complaint. It was because of this fact that the cases "still preserved their identity."

Conversely, if they could properly have been consolidated, they would have lost their identity as separate actions, and

this would have been the case if the same plaintiff had owned both accounts against the same defendant, such as is the case here.

A very similar case is that of *Baker v. Irvine*, 64 S. C., 430, 42 S. E., 194. In that case three separate plaintiffs had brought three separate actions against the defendants. Upon the appeal on the merits, only one case containing exceptions was served, and only one argument made in the Supreme Court, and "appellant contends that only one set of costs for the three cases should be allowed, inasmuch as only one case containing exceptions was in fact served, and only one argument in fact made in the supreme court; the cases being heard together and the papers entitled as above."

In sustaining the Circuit Court, which held that costs could be taxed in each case, this Court said: "These being cases at law, the right of costs must follow the result, and neither the circuit court nor this court is at liberty to do otherwise than enforce the strict legal right of the prevailing party, without regard to any real or supposed hardship. The costs allowed were in conformity with the statute. The circuit court held, as a matter of fact, that the *three cases were never consolidated* [italics ours], and in law could not have been consolidated, and that separate judgments were rendered in each case by the magistrate, by the circuit court, and by the supreme court. 62 S. C., 293, 40 S. E., 672. This being so, the fact that, *for sake of convenience*, the cases were heard together, and the papers were entitled as above, would not constitute the three cases one in fact. Each case being separate and distinct, the 'case with exceptions' and the 'argument' must be treated as made in each case. *Bogan v. Sprott*, 37 S. C., 605, 16 S. E., 35."

It is apparent that the reason that this conclusion was reached was because the cases were tried together "for convenience," and not by virtue of an enforced legal consolidation. In fact the Court held that "in law [they] could not have been consolidated." The converse of the rule appears

in the case at bar, because here the two cases were in law consolidated and thereupon became one. The necessary result of the opinions in the *Baker* and *Bogan cases* is that, where actions are legally united, they become one case, and only one set of costs can be allowed.

We think it clear that the decision in cases involving the amount of costs properly taxable depends on whether the actions could have been consolidated as a matter of right and were in fact so consolidated. Under the authority of the decisions above referred to and of the opinion in *Ford v. New York Life Insurance Company, supra,* there was a right of enforced consolidation by both parties in the instant case, which right was exercised by the plaintiff and carried into legal effect by the order of Judge Stoll. The cases then became one, and do not belong in that category of cases illustrated by the *Bogan,* the *Baker,* and the *Bishop cases,* above referred to, where there could be no enforced consolidation, but, on the contrary, where the cases could be united only by consent and for convenience.

The effect of a consolidation of actions at law is to unite and merge all of the different actions consolidated into a single action in the same manner as if the different causes of action involved had originally been joined in a single action, and the order of consolidation, if made by a Court of competent jurisdiction, is binding upon all the parties to the different actions until it is vacated or set aside. After the consolidation there can be no further proceedings in the separate actions, which are by virtue of the consolidation discontinued and superseded by the single action, and all subsequent proceedings therein should be conducted, and the rights of the parties adjudicated, as in a single action. 1 C. J., 1135.

The legal effect of a consolidation, therefore, is to merge two or more actions into one, and the chief ground for the union is that the plaintiff should have brought but one action; and the main object of the consolidation is to save costs and prevent a multiplicity of suits.

We hold that the legal effect of the order of consolidation issued by Judge Stoll merged the two actions into one.

The two cases were not united only or solely for trial in the Common Pleas Court, but their union continued until final judgment in the appellate Court.

Respondent points to the fact that, in the trial of the consolidated case in the Court of Common Pleas, two separate verdicts were written out by the jury on the back of the two separate summonses, as going to show that the two cases had not lost their identity and were merely being tried together in order to save the county expense. We do not think this feature of the case aids the respondent. The endorsement of the verdicts in this fashion does no violence to the theory of consolidation. It amounted to no more than would have happened if the plaintiff at the outset had united the two causes of action in the same complaint. In such case the jury would ordinarily have rendered two verdicts, as is usually done, one on each cause of action. The only difference here is the physical fact that there were two summonses on which to write verdicts rather than one. The fact that there were separate verdicts does not weaken or affect the legal effect of such consolidation. Upon the plaintiff's own motion the cases were united, and thereby became one, and from the time that Judge Stoll passed his order of consolidation upon the authority of Section 487—for he never had any other basis for his order—these cases became merged, only one appeal was properly permissible, and only one set of costs should be taxed. The costs in the consolidated suit accrued only after the consolidation. The attorney's fee taxable against the defendant should be taxed as though the actions were one. One argument was made in one consolidated case, upon one set of exceptions, and upon reason, and we think, in justice, only one fee is taxable.

The exceptions are sustained, and the judgment of the Circuit Court is reversed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Bonham and Baker concur.